PROVO STY, J.
The appellant obtained an extension of time for filing the transcript, on the affidavit of the deputy clerk of the trial court, to the effect that:
“On account of the large amount of work in the office of the clerk of the Twenty-Eighth judicial district court in and for the parish of St. Charles” (the court from which this appeal comes), “it has been physically impossible to prepare and complete the transcript in this case.”
Appellee has moved to dismiss the appeal, on the grounds that it would have been possible for the clerk to prepare the transcript, and that the true reason why it was not prepared is that the appellant’s counsel instructed the stenographer not to transcribe the notes of evidence.
[1] In support of said motion, appellee has filed in this court the affidavit of the stenographer, to the effect that the appellant’s counsel had directed him not to transcribe the testimony until further notice, and that this notice had not been given until the 20th of April, 1914, the day itself on which the appeal had been made returnable; and also to the effect that court had not sat in the parish of St. Charles since the 30th of! March, 1914.
In opposition to said affidavit, the appellant filed the affidavit of Mr. Rivarde, one of his counsel, to the effect that “to the best of his knowledge and belief” he had given notice to the stenographer to transcribe the testimony “on or about the 14th day of April, 1914, at least six days before the first return day as fixed by the district court.” And filed also the affidavit of the same deputy clerk to the effect that:
“From the 30th day of March up to and including April 20, 1914, I was busy, engaged in my office preparing acts of sale, recording-same, recording mortgages and conveyances aggregating some 56 pages, as well as issuing-marriage licenses, conveyances, and mortgage certificates.”
Had Mr. Rivarde sworn positively, instead of only “to the best of his knowledge and belief,” a direct issue of veracity would have *420 been presented between him and the stenographer; and then this court, because of the favor accorded to the right of appeal, would in all probability have refused to dismiss the appeal on the ground that the notice to transcribe the testimony had not been given in time; but, under the circumstances, there is no necessary issue between the two affidavits —the one is direct and positive, the other is to “the best of knowledge and belief.”
[2] The appeal would, however, have had to be dismissed for other reasons. The appeal bond does not appear to have ever been filed; but as it is dated April 15, 1914, it could not have been filed before that date. Having thus voluntarily lost 16 days out of the 21 he had for causing his transcript to be prepared and filed, the appellant cannot pretend that his failure to file the transcript in time was due to' the inability of the clerk of court to prepare the transcript owing to press of work in his office. The transcript in this case, if we leave out the part furnished ready-made by the stenographer, and having only to be bound with the other parts, consists of 30 pages, plus 1 page of index, of which not a single one can be said to be a full or solid page. Nine of them contain nothing more than the title of the case and the name of a document and its filing. Nine others can hardly be said to be as much as half pages; in fact, most of these are not quarter pages. Such a transcript could have taken only very little time to prepare. It is asking this court too much to ask it to believe that this deputy could not have found time to prepare such a transcript. Moreover, by what right would this deputy clerk put aside the preparation of said transcript in order to give his attention to preparing “acts of sale”; and, while this deputy was thus busy, what was the clerk himself doing that he could not have given his attention to this transcript? So far as we are informed, the clerk may have been doing nothing during the six days that intervened between the date of the execution of the bond of appeal and the return day.
Appeal dismissed.