(72 South. 907)

No. 21805.

GANNON v. GRANT TIMBER & MFG. CO.

(Oct. 16, 1916.   Rehearing Denied Nov. 13, 1916.)

*(Syllabus by the Court.)*

1. COURTS ☞206(7) — APPELLATE COURTS — ORIGINAL JURISDICTION—HEARING—RECEPTION OF EVIDENCE.

Under article 85 of the Constitution, this court may exercise such original jurisdiction as may be necessary to enable it to determine questions of fact affecting its jurisdiction in any case pending before it or may remand the case for the hearing of evidence concerning such questions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 612; Dec. Dig. ☞206(7).]

2. APPEAL AND ERROR ☞781(7)—DISMISSAL—GROUNDS.

Where, pending an appeal to this court from a judgment maintaining an exception of no cause of action and dismissing a suit, brought, under the general law, for damages for personal injuries, on the ground that it should have been brought under the Employers' Liability Act (Act No. 20 of 1914), the plaintiff brings a suit, under that act, for damages for the same injuries, and submits his case under an agreement with defendant as to the judgment which shall be rendered, and such judgment is accordingly rendered, and plaintiff, through his counsel, is paid, and acknowledges payment in full and satisfactory settlement thereof, he cannot thereafter be heard to offer evidence with a view of injecting into said judgment conditions and understandings not therein expressed, and can no more prosecute his claim in the one suit than in the other, since both were necessarily terminated by the full and satisfactory settlement of the judgment rendered at his instance; and hence, upon the production in this court of duly certified copies of the proceedings, judgment, and satisfaction of judgment, in the second suit, the pending appeal in the first suit will be dismissed, without remanding the case for evidence such as that above referred to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3122; Dec. Dig. ☞781(7).]

Appeal from Thirteenth Judicial District Court, Parish of Grant; James Andrews, Judge.

Action by John Gannon against the Grant Timber & Manufacturing Company. From a judgment for defendant, plaintiff appeals. Dismissed.

George Wear, Jr., of Jena, for appellant. Henry Moore, of Texarkana, Ark., and White, Holloman & White, of Alexandria, for appellee.

On Motion to Dismiss Appeal.

MONROE, C. J. Plaintiff brought this suit (No. 3202 of the district court) for the recovery of damages for personal injuries, alleging, inter alia, that he was employed by defendant as foreman of a gang of laborers who were engaged in work near the western end of defendant's track; that, in common with others who desired so to do, he made it his practice to go from Selma to his work, in the mornings, and return in the after-

noons, on defendant's locomotives or trains, a practice which was known to, and acquiesced in, by defendant's agents, and that moreover, he was, on occasions, expressly invited by said agents to accept such transportation; and that, on March 30, 1915, having completed his day's work, he boarded one of defendant's locomotives, in order to return to Selma, and, in so doing, was "acting on the express and implied invitation and authority of defendant's agents, servants, and employés"; that, whilst thus en route, the locomotive ran into a pine tree, which had fallen across the track, and so lifted and swung it around that it mangled his right hand and arm, which may have to be amputated, and the use of which, in any event, is permanently destroyed; that the accident was the proximate result of recklessness and negligence of defendant's agents and servants, etc. By supplemental petition he alleges:

"That he was employed * * * as foreman of a gang of laborers engaged in constructing spur tracks; * * * that he was hired to work ten hours a day * * * and had no other work or duties * * * except (to) oversee the work of the said gang in constructing said spurs, and had nothing to do with the operation of the company's trains and no duties to perform thereon or thereabouts; that he had completed his ten hours' work for the said company when he boarded the train * * * and received the injuries * * * described."

He prayed that he be awarded damages in the aggregate amount of $15,500, for loss of earning capacity, physical suffering, and expense of treatment. To the suit so brought, defendant filed an exception of no cause of action, based upon the ground that it should have been brought under Act No. 20 of 1914, known as the "Burke-Roberts Employers' Liability Act," and, the exception having been maintained and the suit dismissed, by judgment of December 11, 1915, plaintiff appealed from that judgment and lodged the appeal in this court on February 1, 1916.

Defendant now moves to dismiss the appeal, on the grounds following, to wit: That on April 5, 1916, while said appeal was pending, plaintiff instituted another suit (being No. 3290 of the district court) upon the same cause of action, but, under said Act No. 20 of 1914, to which, on April 14th, defendant excepted and answered; and that, on the same day (last above mentioned), an agreement was made that the cause should be submitted to the court on the pleadings on file and on the complete record in suit 3202, and that the transcript of appeal (therein) and the pleadings had in the Supreme Court should be considered and made part of the record in the case; that, on July 8th, the case was submitted on the record on file, and a lump sum settlement was agreed on for $780, subject to a credit of $58.15, already paid, and attorney's fees for the plaintiff were fixed at the sum of $150; and that, on July 9th, full satisfaction was made of said judgment by the payment, by H. H. White, attorney, to George Wear, Jr., attorney, of the full sum of $721.85. To the motion so filed there are attached certified copies of the pleadings in the suit No. 3290, of the agreement to submit, and of the judgment and satisfaction of judgment therein. The petition in the suit No. 3290 alleges, among other things, as follows:

"That on the 30th day of March, 1915, and for more than a year prior thereto, your petitioner was employed by the said * * * company as a laborer in connection with the operation of said sawmill and railway business; that, while so employed and while on the premises of said corporation and while riding on one of its locomotives, he was injured as the result of a collision between the said locomotive and a pine tree which had fallen across the track," etc.

The prayer of the petition is for a judgment condemning defendant to pay petitioner $7.50 per week for a period commencing two weeks after March 3, 1914, and continuing, during his disability as a result of his injuries, for not more than 400 weeks.

The agreement of April 14, 1916, signed by counsel for both litigants, reads:

"It is agreed that this cause shall be submitted on the pleadings on file and on the complete record in suit No. 3202, * * * and the transcript of appeal and the proceedings had in the Supreme Court shall be considered and made part of the record in this case in case of appeal; the court to grant orders of appeal, suspensive and devolutive, to the party cast, returnable according to law, and shall fix return day and direct the clerk to notify the parties when decision is rendered."

From the judgment, as entered, and the receipt given by plaintiff's counsel for the amount paid in satisfaction thereof, it appears that there was a further agreement whereby that amount was determined. Thus the judgment and receipt, written, apparently, upon the same paper, read:

"John Gannon v. Grant Timber & Manufacturing Company. No. 3290, 13th Judicial District Court, Parish of Grant, State of Louisiana.

"This case having been submitted on the record on file, and the parties hereto having agreed to a lump sum settlement of $780.00, subject to a credit of $58.15, and having consented that judgment be entered therefor. And it appearing to the court that reasonable attorneys' fees for the plaintiff, as contemplated by the Burke-Roberts Act, No. 20 of 1914, would be the sum of $150:

"It is ordered, adjudged and decreed that plaintiff have and recover from defendant the net sum of $720.85, and, of that amount, the sum of $150 to be paid by (to) the attorneys for the plaintiff as attorneys' fees.

"Thus done and signed this 8th day of July, A. D. 1916. [Signed] Jas Andrews, Judge.

"Alexandria, July 9, 1916.

"Received from H. H. White, attorney for the Grand Timber & Manufacturing Company, defendant, the sum of seven hundred twenty-one and 85/100 ($721.85) dollars in full and satisfactory settlement of the above and foregoing judgment. [Signed] George Wear, Jr., "Attorney for Plaintiff."

Counsel for plaintiff has filed an exception to the following effect, to wit:

That the motion to dismiss is predicated upon alleged facts, said to have transpired since the filing of the transcript herein, and provable only by evidence dehors the record; that the issues presented by the motion "go to the merits of the case, and amount to a plea of res judicata"; that this court is not vested with original jurisdiction to hear and determine such issues of fact.

Opinion.

[1] The Constitutions of 1898 and 1913 (article 85) declare that this court—

"shall have such original jurisdiction as may be necessary to enable it to determine questions of fact affecting its own jurisdiction in any case pending before it, or it may remand the case," etc.

The learned counsel have apparently overlooked the provision thus quoted and have confined their citations to cases decided under prior Constitutions in which it does not appear.

In Oertling v. Commonwealth Bonding & Casualty Co., 134 La. 27, 63 South. 611 (Dec. 1913), the question being whether the appeal should be dismissed upon a question of fact dehors the record, it was held (quoting from the syllabus) that:

"Whatever doubt may have existed, however, as to the jurisdiction of the court to receive and consider original evidence in such cases, has been removed by the special provision of the present Constitution, under which the court may receive original evidence, oral or written, in cases where it is necessary to enable it to determine questions of fact affecting its * * * jurisdiction, as it may deem expedient, or it may remand the case to the district court, in order that such facts may be there developed."

In the body of the opinion it is said (page 39 of 134 La., page 616 of 63 South.):

"The facts (referring to the facts relied on for the dismissal of the appeal), * * * though strongly suggested, do not appear with certainty upon the face of the record, and, as we do not deem it expedient to consume the time of this court in that way, the case will be remanded to the district court, in order that they may be there developed."

[2] In the instant case, the facts, so far as they appear from the foregoing statement, are undisputed; that is to say, it is undisputed that plaintiff brought this suit for damages alleged to have been sustained by him in an accident which occurred on March 30, 1915, and by the allegations of his petition he sought to present a case arising under the general law as contained in C. C. 2315, and prayed for damages as thereby authorized; that the suit was dismissed upon

an exception of no cause of action, based upon the ground that it should have been brought under Act No. 20 of 1914, which provides relief of a different character; and that plaintiff appealed and lodged his appeal in this court; that thereafter, and pending the appeal, he brought another action, claiming, for the same injuries, the damages as authorized by the act of 1914, and submitted his case upon an agreement as to the judgment which should be rendered; that the judgment so agreed on was rendered accordingly; and that the amount thereby awarded was paid to his counsel who gave his receipt "in full and satisfactory settlement" of the judgment.

The contention which plaintiff's counsel now urges is stated in his brief as follows:

"After this second suit was filed, purely as a matter of convenience and expediency, it was agreed that a judgment should be rendered in the last suit—it being definitely agreed and understood that, in permitting this judgment (to be) rendered, the plaintiff in no wise abandoned this appeal or ceased his efforts to secure a more substantial judgment under the general law, the amount already paid should be credited on such judgment."

The answer to that contention is that the plaintiff, having submitted his claim for damages upon an agreement as to the judgment which should be rendered, and the judgment, according to its recitals, having been rendered in conformity with the agreement and having been paid and satisfied, as rendered, he cannot now be heard to offer evidence with a view of injecting into it conditions and understandings which it does not contain, and can no more prosecute the one suit than the other, since both were necessarily terminated when he received payment of his claim and acknowledged that the payment was in full and satisfactory settlement of the judgment which the court had rendered at his instance.

It is therefore ordered that this appeal be dismissed.