145 So. 530

**HAMMOND STATE BANK & TRUST CO. v. HAMMOND BOX & VENEER CO., Limited.**

**No. 32104.**

Nov. 28, 1932.

Rehearing Denied Jan. 3, 1933.

Benj. M. Miller, of Covington, for relator.

A. W. Spiller, of Hammond, for respondents.

O'NIELL, C. J.

In July, 1932, the Hammond State Bank & Trust Company filed executory proceedings against the Hammond Box & Veneer Company, in the Twenty-First district court, for the parish of Tangipahoa, on fifty promissory notes, secured by mortgage on the defendant's property; and the property was seized by the sheriff and advertised to be sold on the 3d of September. On the 2d of August, the Hammond Box & Veneer Company was adjudged a bankrupt, by the United States District Court for the Eastern District of Louisiana, and on the 4th of August the referee appointed Brittmar P. Landry temporary receiver of the bankrupt corporation, with authority to take possession of the property of the corporation and to hold it until the selection of a trustee, and to take such action

or proceedings in the state courts or federal courts as might be deemed necessary to protect and conserve the assets of the corporation, and particularly the property then under seizure in the suit which the Hammond State Bank & Trust Company had brought.

On the 12th of August, Landry, as temporary receiver, filed a petition in the bankruptcy court, alleging that the machinery in the factory of the bankrupt corporation was movable property and was not covered by the mortgage held by the bank; and on these and other allegations Landry, as temporary receiver, prayed for a temporary restraining order and a writ of injunction to forbid the sheriff of the parish of Tangipahoa to sell the property seized in the executory proceedings in the state court. The bank excepted to the jurisdiction of the bankruptcy court to interfere with the seizure which was made under authority of the state court before the defendant was adjudged a bankrupt. The referee in bankruptcy overruled the plea to the jurisdiction, and issued the writ of injunction against the sheriff and the bank. On appeal, the judge of the United States District Court reversed the ruling of the referee, sustained the bank's plea to the jurisdiction of the bankruptcy court, set aside the referee's order for an injunction, and at the same time authorized Landry, as temporary receiver, to take such action or proceedings in the Twenty-First district court, for the parish of Tangipahoa, as he, Landry, might deem necessary or proper to protect the interests and property of the bankrupt estate, by way of intervention in the bank's executory proceedings or otherwise.

On the morning of the 3d of September, the day on which the sheriff was to sell the property seized in the bank's executory proceedings, Landry, as temporary receiver of the bankrupt corporation, filed a petition in the executory proceedings, alleging several grounds for an injunction, and praying for a temporary restraining order and a writ of injunction against the sheriff and the bank. He prayed also that, after hearing, the writ of injunction should be perpetuated, the executory proceedings annulled, and the seized property delivered to him, as temporary receiver of the bankrupt corporation. The judge refused to issue a temporary restraining order or a rule on the sheriff or on the bank to show cause why a writ of injunction should not issue. The sheriff, therefore, proceeded with the sale, and the mortgaged property was bid in by the bank. Landry publicly protested against the sale, having filed his petition for an injunction and for annulment of the executory proceedings.

On the 19th of September, Landry, as temporary receiver, filed in the executory proceedings a supplemental petition, repeating the allegations made in his original petition, and praying for annulment of the sale which the sheriff had made to the bank subsequent to the filing of Landry's original petition. At the time of filing his supplemental petition, Landry submitted it to the district judge, and he signed an order allowing the supplemental petition to be filed and served. At the same time Landry filed for record in the mortgage office a notice of the pendency of his suit.

The bank, being served with copies of the original and supplemental petition, filed an exception of no cause or right of action, a plea of estoppel, and a motion to strike out the supplemental petition. All of the bank's

pleas were argued and submitted to the district court at one time, and the court rendered and signed a judgment, maintaining the bank's pleas, and dismissing Landry's proceedings at his cost, and ordering the notice of pendency of the suit .canceled from the mortgage records. Landry, as temporary receiver of the bankrupt corporation, asked for an appeal from the judgment, and asked the district judge to fix the amount of the bond to be required for a suspensive appeal and also the amount to be required for a devolutive appeal. The judge refused to grant an appeal; whereupon Landry, as temporary receiver, filed his petition in this court for writs of certiorari, prohibition, and mandamus. The case is here on the writ of certiorari and a rule to show cause why execution of the judgment should not be prohibited, and why the district judge should not be compelled by mandamus to grant an appeal from the judgment.

■ The attorneys on both sides have devoted their arguments, in their briefs, to the merits of the case; and the answer of the district judge is devoted mainly to an argument in support of the judgment which the relator desires to appeal from, rather than an argument in support of the judge's refusal to grant an appeal from the judgment. It is argued, for example, that Landry, as receiver, has no right to appeal because he had no right of action originally. That, of course, is a begging of the question. The only orderly method by which we can determine whether Landry, as receiver, had a right of action, is by hearing his appeal. It is argued also that Landry's supplemental petition in the district court was out of order, because the judge had already decided his case by refusing to grant

him a temporary restraining order, or rule to show cause why an injunction should not issue. But the judge's refusal to grant Landry a temporary restraining order, or a rule to show cause why an injunction should not issue, did not put an end to Landry's suit to annul the executory proceedings. His prayer for a temporary restraining order and for an injunction became a thing of the past when the sheriff's sale was made; but it was then in order for Landry, as receiver, to amend his petition by praying for annulment of the sheriff's sale.

■ We do not express an opinion now as to whether the judgment which Landry, as receiver, desires to appeal from is correct or incorrect. It is sufficient to say that the judgment is a final judgment of dismissal of Landry's suit, as far as the district court is concerned. And, from such a judgment, the plaintiff has the right to appeal.

■ Ordinarily, an appeal from a judgment dismissing the plaintiff's suit is only a devolutive appeal; but in this case the court specifically ordered the cancellation of the notice of pendency of the suit from the mortgage records. The plaintiff, therefore, has the right to stay execution of the judgment in that respect, and possibly in other respects.

The rule which this court issued to show cause why peremptory writs of prohibition and mandamus should not issue is now made absolute, and, accordingly, the district judge is directed to grant the relator, Brittmar P. Landry, as receiver of the bankrupt Hammond Box & Veneer Company, an appeal from the judgment rendered against him, in that capacity, on the 29th of September and signed on the 30th of September, 1932; and the

judge is directed to fix the bond for a suspensive appeal, as well as for a devolutive appeal; and it is ordered that the delay allowed for taking either a suspensive or a devolutive appeal shall commence from the date on which this decree shall become final. The Hammond State Bank & Trust Company shall pay the costs of these proceedings in this court; the liability for all other court costs shall depend upon the final disposition of the case.