149 So. 498

HAMMOND STATE BANK & TRUST CO. v.
HAMMOND BOX & VENEER
CO., Limited.

No. 32256.

July 7, 1933.

Benj. M. Miller, of Covington, for receiver, Britmar P. Landry.

A. W. Spiller, of Hammond, for appellee.

ST. PAUL, Justice.

The nature of this appeal and of the issues involved are stated in a general way in Hammond State Bank & Trust Co. v. Hammond Box & Veneer Co., Ltd., 176 La. 251, 145 So. 530, but these are not particularly pertinent at present. Suffice it to say that this court therein ordered the district judge to grant to the receiver of the defendant corporation an appeal from his judgment dismissing the latter's intervention praying for the annullment of a certain sale under executory process.

I.

Our order to the district judge became final on January 3, 1933.

Ten days afterwards, to wit, on January 13, 1933, the trial judge granted the receiver an order for an appeal returnable to this court February 15, 1933, conditioned upon the receiver giving bond in the sum of $1,-000. Whereupon the receiver furnished the required bond and thereupon filed his transcript in this court February 15, 1933.

II.

Meanwhile, to wit, on January 27, 1933, that is to say, between the granting of the appeal and the lodging of the transcript in this court, plaintiff, appellee here, served notice on the appellant of the insufficiency of the surety on the appeal bond, all in accordance with the provisions of Act No. 112 of 1916 and the amendment thereof by Act No. 284 of 1928, but no ruling on the sufficiency of said surety was made by the trial judge until February 20th, that is to say, until five days after the transcript had been lodged in this court.

### III.

Accordingly none of the matters on which appellee relies for·a dismissal of the appeal appears in the transcript filed under the number which appears at the head of this opinion, but only in a second transcript which came to us under the following cir-. cumstances, to wit:

On February 20th, five days after the transcript had been lodged in this court, as aforesaid, the trial judge ruled that the surety on the appeal bond was insufficient and allowed the receiver to furnish an additional or supplemental bond within the time prescribed by law.

On February 24th the receiver furnished an additional and supplemental appeal bond with a new surety.

On March 17th plaintiff challenged this new bond on two grounds, one being purely technical and the other substantive, to wit, (1) that no affidavit of solvency was actually taken by the surety on the appeal bond, said purported affidavit having been merely subscribed by the surety out of the presence of the notary public and attested by the notary public without swearing the alleged affiant or even seeing him sign the alleged affidavit, and (2) that the surety was not worth the amount of the bond.

On March 23; 1933, the surety on the appeal bond made an affidavit with all the requisite formalities, without waiting for the judge to pass upon the sufficiency of his original affidavit.

On April 17th the trial judge declared the new bond sufficient. Whereupon plaintiff·

took an appeal which was lodged in this court on May 6th under our No. 32,375.[1]

### IV.

This motion to dismiss is based on the same grounds on which plaintiff attacked the sufficiency of the appeal bond in the court below. And as plaintiff would have had the right to supplement the transcript for the purpose of supporting the motion to dismiss before this court, we have considered the transcript filed in appeal No. 32,375 as if it were part of the original transcript, especially as that appeal and this motion to dismiss involve the very same issues.

### V.

We think the trial judge was correct in his conclusion that the second bond was sufficient and accordingly we think the motion to dismiss should be denied.

Under section 3 of Act No. 112 of 1916 as amended by Act No. 284 of 1928, an appellant has the right to furnish a new bond within four days after his first bond has been declared invalid for any reason whatsoever; but cannot furnish a third bond should this second bond be also declared invalid.

However section 9 of Act No. 112 of 1916 provides that no appeal shall be dismissed for any inaccuracy or omission in the bond until the party furnishing this bond shall have failed to correct the inaccuracy or omission within the time specified in the act, and it is our opinion that the prohibition against furnishing a third bond has no application to the correction of mere· inac-

[1] Pending at date of publication.

curacies or omissions in a bond otherwise valid; and accordingly such inaccuracy and omission may be corrected at any time before judgment rejecting such bond.

## VI.

For the rest, we have examined the evidence as to the solvency of the surety on the second appeal bond and in our opinion, as in the opinion of the district judge, the surety on said bond is amply sufficient for the amount thereof.

### Decree.

For the reasons assigned the motion to dismiss is denied.

O'NEILL, Chief Justice (concurring in the result).

I concur in the ruling that this appeal should not be dismissed, but not in the comment, in the prevailing opinion, on the 9th section of Act No. 112 of 1916, or in the expression of opinion that the prohibition in the 3d section of the statute, as amended by Act No. 284 of 1928, against the furnishing of a third bond, does not apply to the correction of inaccuracies or omissions. The 9th section of the statute is not limited in its application to inaccuracies or omissions, but forbids the dismissal of an appeal, or the setting aside of any writ or other process, "on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished,

supplemental or additional bond, or surety or sureties, as hereinabove provided." This section of the statute, therefore, is merely declaratory of the substance and effect of the preceding sections, and applies as well to the insufficiency of the surety or sureties on an appeal bond as to "any inaccuracy or omission" in the bond. The prohibition against the furnishing of a third bond, in the amendment of the 3d section of the statute, is applicable to any and all cases where the new bond which has been furnished is "found to be defective in any respect whatever, or the surety or sureties insufficient." The exact language of the amendment is that, should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four judicial days thereafter, to furnish a new bond; provided that, should this new bond be found to be defective in any respect, or the surety or sureties insufficient, the person furnishing such new bond shall not thereafter be entitled to furnish any additional bond. That means that there is no right to correct a defect in a new bond, furnished after the bond first furnished has been declared invalid for any reason whatsoever.

In the case before us, however, there was no defect in the second bond furnished by the appellant. The fact that the affidavit of the solvency and sufficiency of the surety was signed not in the presence of the notary public, and that no oath was actually administered to the so-called affiant, did not affect the validity of the bond itself. The 4th section of the statute merely forbids the officers of the courts to accept any bond without the

prescribed affidavits as to the solvency and sufficiency of the surety or sureties on the bond, except in the case of a surety company authorized to do business in this state. That provision in the statute merely prescribes the duty and responsibility of the clerk of court, or sheriff, as the case may be, when a bond is tendered for his acceptance in any judicial proceeding. But the affidavits, as to the solvency and sufficiency of the surety on any such bond, do not form part of—and are not required to be attached to—the bond itself. When the second bond furnished by the appellant in this case was tested and found sufficient in so far as the solvency and worth of the surety was concerned, it was a matter of no importance whether the clerk of court had obtained affidavits to that effect.

There is another reason, however, why this appeal should not be dismissed; that is, that Act No. 234 of 1932, p. 739, provides that, where a motion to dismiss an appeal is founded upon an alleged error on the part of the clerk of court, or of the judge who tried the case, or is founded upon "any purely technical reason," the appellate court shall not dismiss the appeal without first allowing the appellant two days in which to correct the error, and shall not dismiss the appeal if the error has been corrected when the motion to dismiss is heard. The complaint that the affidavits of the solvency and sufficiency of the surety on the appeal bond, in this case, were not signed in the presence of the notary public, and that he did not in fact administer an oath to the so-called affiants, is certainly a "purely technical reason" for asking the court to dismiss the appeal; and,

in so far as the omission was an error on the part of the appellant, it was corrected before the motion to dismiss was heard.