LAND, Justice.
 

 The above consolidated cases are concursus proceedings, instituted by the Great Southern Lumber Company, as furnisher of materials for the construction of State Highway Projects Nos. 6107 and 6207, known as Covington-Hammond Highway, in Tangipahoa and St. Tammany parishes, against James Stanton ' Construction Company, as contractor, Louisiana Highway Commission, as owner or builder of the projects, and the Union Indemnity Company, as surety on the bonds of the contractor.
 

 Among the claimants cited to appear and assert whatever claims they might have, the Standard Oil Company of Louisiana intervened in the concursus proceedings, and presented its claim as a furnisher of materials against these road projects.
 

 In these consolidated cases, the district court of Tangipahoa rendered judgments oh the 29th day of May, 1933, which were signed on the 19th day of June, 1933, in favor of the Standard Oil Company of Louisiana ¿nd against James Stanton Construction Company, Louisiana Highway Commission, and Union Indemnity Company in solido.
 

 Upon motions made in open court on the 19th day of June, 1933, the Louisiana Highway Commission appealed from the judgments rendered in these cases in favor of the Great Southern Lumber Company, plaintiff, and on the same day the judge of the district court granted orders of appeal, suspensive and devolutive, as follows:
 

 “This day on motion of the Louisiana Highway Commission, through its attorneys, Lewis L. Morgan and E. R. Stoker, and on suggesting to the Court that the Louisiana Highway Commission
 
 is aggrieved by the judgment herein rendered
 
 on May 29th, 1933, and signed in open Court this day,
 
 in favor of plaintiff herein, Great Southern Lumber Company, that the said judgment is contrary to the law and the evidence,
 
 it is ordered that the Louisiana Highway Commission he granted an appeal to the Supreme Court of Louisiana, returnable to said Court on or before July 28th, 1933, suspensive and devolutive, and that the said Louisiana
 
 *167
 
 Highway Commission is not required to give bond.
 

 “It is further ordered that appeal be granted to all other defendants, returnable to the Supreme Court of the State of Louisiana on or before July 28th, 1933, devolutive upon furnishing bond in the sum of $100.00, and suspensive upon furnishing bond with good and solvent surety in an amount as fixed by law.” (Italics ours.)
 

 The transcript of appeal was filed in this court July 31, 1933.
 

 On September 14, 1933, motions to dismiss the appeals, suspensive and devolutive, were also filed here by the Standard Oil Company of Louisiana on the grounds that no appeals were prayed for or granted as against that company in the motions for appeals made by. the Louisiana Highway Commission in the lower court.
 

 The Louisiana Highway Commission did not ask for appeals from the general judgments rendered and signed in the consolidated cases of “Great Southern Lumber Company (Nos. 5585 and 5586) v. James Stanton Construction Company et al., and Louisiana Highway Commission”; but, on the contrary, prayed for appeals from the specific judgment rendered “in favor of Great Southern Lumber Company, plaintiff,” which was but one of a number of judgments rendered in favor of the Standard Oil Company and other claimants included in the general judgments rendered and signed in the consolidated concursus- proceedings.
 

 It is clear, therefore, that the Louisiana Highway Commission failed to pray for and obtain orders of appeal, suspensive and devolutive, as against the intervener, the Standard Oil Company of Louisiana.
 

 The Louisiana Highway Commission, however, contends that the motions to dismiss the appeals on these cases should be overruled, as they were not timely made, and relies upon Walker v. Sauvinet, 27 La. Ann. 314, and Webb v. Keller et al., 39 La. Ann. 55, 1 So. 423, in which it is held that the motion to dismiss the appeal on the ground that there was no order of appeal comes too late, if the motion to dismiss has been filed more than three days after the transcript was filed.
 

 In the case of Gagneaux v. Desonier, 104 La. 651, 29 So. 282, 283, the court reviewed the cases ■ cited by the Louisiana Highway Commission and others, and stated that:
 

 “These cases all refer to Murray v. Bacon [7 Mart. (N. S.) 271] as the original authority for such a declaration. All that the court said in that case was that ‘the appellee had moved to dismiss the appeal
 
 for an irregularity
 
 in the manner of bringing it up. This motion came too late.’ ”
 

 After citing numerous decisions of the Supreme Court, in which it is declared that no appeal will be recognized in this court without an order of appeal upon which it is based, it is said in Gagneaux v. Desonier, above cited: “We are of the opinion that the granting by the lower court of an order of appeal
 
 is a jurisdictional fact,
 
 and that the absence of such an order should be noticed
 
 ess officio
 
 by the appellate court, and acted upon of its own motion. The failure of the appellee to urge the objection, even if it had the effect of estopping him
 
 *169
 
 from filing a formal ‘motion to dismiss’ (as appellant contends it does), would not preclude him from suggesting or bringing the matter to the knowledge of the court. Upon coming to such knowledge, it would be the duty of the court to dismiss the appeal of its own motion. If the decisions quoted by the appellant
 
 contain anything contrary to what we here declare to he the law,
 
 they must be considered to that extent
 
 overruled:’
 
 Page 654 of 104 La., 29 So. 282, 285. (Italics ours.)
 

 The appeals, suspensive and devolutive, taken by the Louisiana Highway Commission in these consolidated cases, are therefore dismissed in so far as the Standard Oil Company of Louisiana, intervener, is concerned.