LAND, Justice.
 

 This suit was brought in the Thirteenth district court, Evangeline parish, for damages for personal injuries; plaintiff alleging that he'had been run down by defendant’s truck, which had been insured by the Maryland Casualty Company, the relator.
 

 On December 12, 1933, judgment was rendered in favor of plaintiff against defendant and the Maryland Casualty Company in solido in the sum of $2,500, and the delay for a suspensive appeal expired on December 23, 1933.
 

 On December 22, 1933, relator petitioned the Thirteenth district court for an order of appeal, both devolutive and suspensive, from the judgment rendered, returnable to the Court of Appeal, First Circuit. On the same day, one of the counsel for the Maryland Casualty Company went to the town of Ville Platte, the parish seat for Evangeline parish, and took with him a suspensive appeal bond made and executed according to law, and, ¡before going to the courthouse, presented the petition of appeal to the attorney of plaintiff, who accepted service of same, reserving all rights and legal delays.
 

 Counsel for relator then called at the courthouse, and, finding both the judge and the clérk of court absent, delivered the petition for appeal and the suspensive appeal bond to one Leo Lafleur, after being informed by him that he was in charge of the office during the absence of the clerk, with the request that the petition for appeal and the appeal bond be filed at once and that the order of appeal be properly signed and executed without delay.
 

 Counsel for relator was not acquainted with the chief deputy clerk, and fully relied upon the statement of Leo Lafleur that he was in charge of the office, and believed that he would comply with the request of relator’s counsel to attend properly to the matter and without delay.
 

 Plaintiff filed a motion in the Court of Appeal to dismiss the appeal on the ground that the order of appeal had been signed by Leo Lafleur, a deputy clerk, instead of being, signed by the designated chief deputy clerk, as required by section 9 of Act No. 204 of 1924.
 

 Section 4 of this act provides that clerks of district courts “shall have the power to grant * * * orders of appeal, and to fix the amount of bond for such appeals, where the same is not fixed by law;” and section 9 of the act declares that: “All powers herein conferred upon the Clerk of Court, except those specifically prohibited, shall be performed by the designated Chief Deputy whether the Clerk be absent or not.”
 

 
 *951
 
 The appeal in this case was made returnable to the Court of Appeal, First Circuit, on the 5th day of February, 1934, and the motion to dismiss the appeal was filed February 3, 1934.
 

 Act No. 234 of 1932 provides: “That whenever an appellant files an incomplete transcript, or files the transcript or a further application for an extension, within three judicial days after the return day, or omits to file as part of the record any transcript exhibits offered in evidence, or whenever because of any error on the part of the Clerk of Court or of the trial Judge, or for any purely technical reason, a motion to dismiss his appeal is filed either by an appellee, third person or intervenor, charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities! and irregularities alleged and complained of in the motion to dismiss; and such appellant may, before the date on which the motion to dismiss is fixed for trial, cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied.”
 

 Belator presented to the Court of Appeal, First Circuit, a motion to withdraw the record of appeal and present the same to the district judge of the Thirteenth district court, with instructions to sign the order of appeal “nunc pro tune” December 22, 1933, and to return the reeord, with full reservation to plaintiff to urge any objection that he might desire or have to the right claimed by relator to have the signing of the order of appeal corrected.
 

 As the Court of Appeal, First Circuit, took the motion of relator under advisement and delayed acting on same, relator filed the same petition of appeal that was filed by it on December 22, 1933, for a devolutive and suspensive appeal, and took the petition and order to the Honorable B. H. Pavy, judge of the Thirteenth district court for the parish of Evangeline and had him to sign on March 14, 1934, the same order of appeal that Leo Lafleur had signed on December 22,1933; the district judge signing the new order nunc pro tunc December 22,1933.
 

 Belator also had the clerk of the Thirteenth district court file this petition of appeal and order nunc pro tunc December 22, 1933.
 

 Thereafter relator took the petition and order to the attorney of plaintiff and had him to agree that the petition and order signed ntme pro tunc on March 14, 1934, as of date December 22, 1933, should be filed in the Thirteenth district court, with reservation of whatever rights he might have.
 

 Attorney for plaintiff waived the necessity of relator’s attorney asking for a certiorari from the Court of Appeal to bring the petition and order up to that court, and consented that the nunc pro tune petition and order should be filed in this proceeding in the Court of Appeal.
 

 The Court of Appeal refused to grant the relator the right to have Judge Pavy sign, in the place of Leo Lafleur, nunc pro tune, the original order of appeal and to correct the irregularity complained of by plaintiff, in. his
 
 *953
 
 motion to dismiss the appeal. Relator then invoked the supervisory jurisdiction of this court, under the fear and belief that the Court of Appeal would dismiss its appeal when the case came up to be heard on March 19, 1934.
 

 . The Court of Appeal refused to grant the order applied for by relator, on the ground that the failure of relator to have the order of appeal signed by the chief deputy clerk was of such a fundamental nature that it could not be cured.
 

 Ordinarily, this might be true. But the case now before us is of such exceptional character that it would be a denial of justice to relator to have its appeal dismissed.
 

 Relator has filed in this proceeding an affidavit of the clerk of the Thirteenth district court which states: “That Leon Demoruelle is of record as his Chief Deputy, but due to his age, (he) has designated Mr. Leo Lafleur as his active Chief Deputy, although not of record, and (he) has been acting as such about two years.”
 

 The clerk of the court frankly admits that it was through his error that relator has been placed in the situation in which it finds itself, as to the order of appeal, timely granted in the case, and now complained of by plaintiff.
 

 Under the particular facts of this case, it is our conclusion that relator not only has the right to have the error of the clerk of court corrected, but that, as a matter of fact, the same has been corrected already by the nunc pro tunc order of appeal signed by the judge of the Thirteenth district court, and now on file in the Court of Appeal, First Circuit.
 

 It is therefore ordered, under the alternative prayer of relator, that the nunc pro tunc order of appeal, signed by the district judge of the Thirteenth district court for the parish of Evangeline, and now on file in this case, be considered and adjudged sufficient, and that the Court of Appeal, First Circuit, deny the motion to dismiss the appeal in this case.
 

 ST. PAUL, J„ absent.