ODOM, Justice.
 

 On June 2, 1934, the trial court granted appeals in this case returnable to this court on June 25. An incomplete transcript was filed by the appellant in this court on June 28. A printed calendar
 
 *899
 
 mailed to all interested parties by the clerk on April 8, 1935, shows that the case was set for hearing in this court on May 9. On that date counsel for appellee appeared in open court and moved that the appeal be dismissed on the ground that the transcript was incomplete. Counsel for appellant made no personal appearance on that date, but filed a motion to continue the case in order that the transcript might be completed. This court continued the case to June 4, up to which time the transcript was not completed, and on that date the case was submitted on motion filed by appellee to either dismiss the ap,peal or affirm the judgment.
 

 The appeal must be dismissed. The transcript as filed is incomplete in that it • does not include copies of the minutes of the district .court showing the proceedings had in that court, that it does not contain a record of the testimony taken at the trial of the case, and that the transcript as filed is not certified to as correct by the clerk of the district court.
 

 Act No. 234, p. 739, of 1932 is an act “To regulate the dismissal of appeals by Appellate Courts.” That act provides that “whenever an appellant files an incomplete transcript * * * or whenever because of any error on the part of the Clerk of Court or of the trial Judge, or for any purely technical reason, a motion to dismiss his appeal is filed either by an appellee, third person or intervenor, charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss; and such appellant may, before the date on which the motion to dismiss is fixed for trial, cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss.”
 

 Appellee’s motion to dismiss is based upon the ground that the transcript is incomplete. Counsel for appellant has been given ample time, more than thirty days, in which to complete the transcript, after having been notified of the defects complained of.
 

 The transcript not having been completed, the motion to dismiss the appeal must be sustained. It is therefore ordered that the appeal be dismissed.