### LERNER v. BISCHOF et al.
#### No. 17211.

Court of Appeal of Louisiana. Orleans.
May 22, 1939.

Montgomery & Montgomery, of New Orleans, for appellant.

Cobb & Saunders and Charles D. Marshall, all of New Orleans, for appellees.

McCALEB, Judge.

The defendants-appellees have moved to dismiss this appeal on the ground that the order of appeal granted by the trial judge does not specify the amount of the bond as required by Act No. 219 of 1932 which regulates the practice in the City Courts in cases involving over $100.

The appellant brought this suit in the First City Court of New Orleans on a promissory note signed by the appellees. The case was dismissed on appellees' exception of res adjudicata. The appellant appealed to this court from the adverse judgment and obtained an order from the trial judge granting to him a suspensive and devolutive appeal upon his furnishing bond "with good and solvent security, according to law". The appellant gave a bond in the sum of $25 and, when the record was filed here, the appellees moved to dismiss the appeal on the ground above stated.

Under the provisions of Section 1 of Act No. 219 of 1932, it is provided:

"* * * Appeals shall be allowed within ten days, exclusive of Sundays, from the signing of the judgment, on giving bond, *according to law, in a sum exceeding by one-half the amount of money judgments, in case of suspensive appeal, and in a sum to*

*be fixed by the Judge, in case of devolutive appeal, and other than money judgments; * * *."* (Italics ours.)

It is plain from the foregoing that, since the appellant's suit had been dismissed by the trial court, it was necessary for the judge, in granting the order of suspensive and devolutive appeal, to fix the amount of the bond. It has been well settled by the Supreme Court, in cases antedating the passage of Act No. 234 of 1932, that, where an appeal (either suspensive or devolutive) is taken from a judgment which does not condemn the appellant to pay a sum of money, it will be dismissed on the appellee's motion where the order for appeal does not fix the amount of the bond. See Pan-American Bank & Trust Co. v. Ransom, 150 La. 142, 90 So. 548, and Watson v. Schmidt et al., 172 La. 761, 135 So. 232. In view of these pronouncements, the appeal must be dismissed unless the provisions of Act No. 234 of 1932 alter the situation.

Counsel for appellant, in opposing the dismissal of the appeal, tell us that, at the time the appeal was applied for, they interviewed the judge of the trial court and that he fixed the amount of the appeal bond at the sum of $25. They further say that, although the bond has been furnished in accordance with the amount stipulated by the trial judge, through an inadvertence, the judge did not inscribe the amount of the bond in the order of appeal. Counsel do not pretend that the error is wholly attributable to the judge and they frankly admit that they were at fault in submitting to him, for his signature, an order which provided for the furnishing of a bond in accordance with law. Counsel further contend that the motion of the appellees is based upon a technicality and that, for this court to dismiss the appeal under the circumstances here presented, would bring about a miscarriage of justice.

Act No. 234 of 1932 provides:

"Section 1. Be it enacted by the Legislature of Louisiana, That whenever an appellant files an incomplete transcript, or files the transcript or a further application for an extension, within three judicial days after the return day, or omits to file as part of the record any transcript exhibits offered in evidence, or whenever because of any error on the part of the Clerk of Court or of the trial Judge, or for any purely technical reason, a motion to dismiss his appeal is filed either by an appellee, third person or intervenor, charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss; and such appellant may, before the date on which the motion to dismiss is fixed for trial, cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied."

It will readily be seen from the foregoing that the Legislature has clearly indicated its purpose to restrain the appellate courts from dismissing an appeal for purely technical reasons. Since the passage of the statute, the Supreme Court has had the opportunity of interpreting its provisions on a number of occasions. See Hammond State Bank & Trust Co. v. Hammond Box & Veneer Co., 177 La. 849, 149 So. 498; Jacobsen v. McGarry, 178 La. 79, 150 So. 838; Great Southern Lumber Company v. James Stanton Construction Company, 178 La. 164, 151 So. 66; Guillory v. Shaddock et als., 179 La. 948, 155 So. 444; Young v. Turner, 182 La. 898, 162 So. 722; Officer v. American Insurance Company, 182 La. 1054, 162 So. 771; Union Building Corporation v. Burmeister, 186 La. 503, 172 So. 767; and Dent v. Dent, 189 La. 888, 181 So. 435. Under these decisions, it has been generally held that, in view of the provisions of the 1932 statute, an appeal will not be dismissed unless the error relied upon is of such a fundamental nature that it cannot be cured.

The only one of the above cited cases which may be said to bear similarity to the situation presented here is that of Guillory v. Shaddock et als., supra. There, it appeared that Maryland Casualty Company, one of the defendants to the suit, had been cast by the district court for $2500. A petition for a suspensive appeal was timely presented at the district court by the defendants' attorney. When the attorney brought the petition of appeal to the courthouse for the judge's signature, he was informed that neither the judge nor the Clerk of Court was present and he had the order of appeal signed by one Lafleur, a Deputy Clerk of Court, who told counsel that he had the right to sign it. Later, when the record was lodged in the Court of Appeal for

the First Circuit, counsel for plaintiff-appellee moved to dismiss the appeal on the ground that Lafleur was not the Chief Deputy Clerk of the District Court and that, under Section 9 of Act No. 204 of 1924, only the Clerk of Court or his Chief Deputy were vested with the power to sign orders for appeal. When this motion to dismiss was filed, the attorney for the appellant contacted the Judge of the District Court and had him sign an order of appeal nunc pro tunc as of December 12, 1933, which was the date on which the original order of appeal had been signed by Lafleur. When the nunc pro tunc order of appeal was signed by the trial judge, the attorney for the appellant petitioned the Court of Appeal to grant appellant the right to have the trial judge correct the irregularity complained of by the plaintiff in his motion to dismiss the appeal. The Court of Appeal refused to grant the order applied for on the ground that the failure of the appellant to have the order of appeal signed by the Chief Deputy Clerk was of such a fundamental nature that it could not be cured. The appellant then invoked the supervisory jurisdiction of the Supreme Court in the case. After a careful consideration of the matter, the Supreme Court granted the relief prayed for by the appellant. The court was of the opinion that, while, ordinarily, the error of counsel for appellant in having an unauthorized person sign an order of appeal would be an irregularity of such a fundamental nature as to not be susceptible of cure by the subsequent nunc pro tunc order, nevertheless, it would be a denial of justice to dismiss the appeal under the exceptional circumstances presented, since, although Lafleur was not the Chief Deputy Clerk of the District Court, appellant's counsel had good cause to believe that he was authorized to grant the order.

In the instant matter, we are also confronted with a case of exceptional character. Counsel for appellant tell us that they discussed with the trial judge the amount of the appeal bond and that the judge did in fact fix the bond at $25. It is true that the order of appeal does not fix the amount of the bond and merely specifies that bond be furnished in accordance with law. It is also true that the error in the order is not entirely attributable to the mistake of the trial court and that counsel for appellant should have presented a proper order for the judge's signature. On the other hand, the statute of 1932 prohibits an appellate court from dismissing an appeal "for any purely technical reason". While the objection of the appellees is supported by the Code of Practice and by Act No. 219 of 1932, we believe that it is of a technical character and we are much in doubt as to whether the error complained of is of such a fundamental nature as to preclude its cure.

It has been many times said that, where the dismissal of an appeal may cause irreparable injury, the court will maintain it in a case of doubt. See Texas Creosoting Co. v. Midland Construction Co., 177 La. 18, 147 So. 366, and other cases. It is also axiomatic in our law that appeals are favored and they will not be dismissed except on substantial grounds. Therefore, since we feel that the appellees' objection is of a technical character and since we are in doubt as to whether the error is of a fundamental nature, we believe that it would be more in conformity with the ends of justice to accord to the appellant the opportunity of having the trial judge sign a nunc pro tunc order correcting the mistake.

It is therefore ordered that, in accordance with the provisions of Act No. 234 of 1932, the appellant is hereby allowed 7 days, exclusive of Sundays and holidays, from the date of this order, to cure and correct the error complained of by the appellees in their motion to dismiss. Our decision on appellees' motion will be deferred until after the time granted appellant to correct the error has elapsed.

Decision on motion to dismiss deferred.