TATE, Judge.
Clarence Huval was killed as the result of a collision between his truck and a vehicle driven by Terry Bodin. The decedent’s widow and seven children sue Bodin and his insurer for wrongful death damages. The plaintiffs appeal from the dismissal of their suit.
The plaintiffs chiefly contend that the trial court erred in not finding that the sole cause of the accident was Bodin’s grossly excessive speed.
The accident occurred at an intersection in a residential area. A 25 mph speed limit regulated traffic. The weather was clear and dry on the Sunday morning (7:00 A.M.) of the accident.
The defendant Bodin was approaching on the right-of-way street. The decedent Huval entered the intersection from a side-street. Bodin testified that the decedent did not pause at the stop sign before proceeding into the intersection, although two of the decedent’s children (who were in the back of the truck) testified that the truck had stopped.
The impact occurred in the center of the broad (30-foot wide) intersection. Huval’s truck was turned over on its right side, veering or being pushed some 20 feet 7 inches after the impact. The Bodin vehicle made a total of 30 feet of skid marks before the impact: 12 feet of shadow marks just before the intersection, and 18 feet of heavy skid marks within the intersection.
In dismissing the plaintiffs’ claim, the trial court essentially accepted the testimony of Bodin that the accident occurred when Huval pulled into his immediate path on the right-of-way street, at a time when Bodin could not sooner have anticipated such entry nor subsequently have avoided the collision. Under these circumstances, the sole proximate cause of the accident was the decedent’s negligence in violating Bodin’s right of way. Doucette v. Primeaux, La.App. 3d Cir., 180 So.2d 866, 867.
*324 The plaintiffs contend, however, that the evidence proves excessive speed on the part of young Bodin. Their able counsel contends that therefore the decedent had preempted the intersection, because he entered it at a time when it appeared safe to do so due to Bodin’s distance away, the decedent being entitled to assume that other traffic approaching was doing so at a lawful speed. Gauthier v. Fogleman, La.App. 1st Cir., 50 So.2d 321.
In support of his contention of excessive speed, the plaintiff’s counsel introduced the testimony of Dr. Edward Miller, an associate professor of physics at the University of Southwestern Louisiana. The trial court recognized the qualification of this witness as an expert in the laws of physics relating to matter, energy, momentum, etc.
This witness impressively testified that the Bodin vehicle must have been going approximately 50 mph just prior to the application of its brakes, based upon the weight of the vehicles, the assumed angle of the collision, the skid marks, and the physical results of the impact. Essentially, the witness’s conclusion was based upon the circumtance that the lighter Bodin vehicle had turned over the much heavier Huval truck, loaded as it was with welding equipment, also pushing it 20 feet as a result of the impact.
However, this witness also frankly and honestly admitted that these results of the accident could also be explained by factors other than the alleged excessive speed of Bodin, such as the heavy load of equipment on the right side, together with a sharp evasive veer to his left by Bodin immediately prior to the impact, as well as the circumstance that the skidding Bodin vehicle hit the truck low on the right side. Tr. 162-163. (See also the testimony of the investigating police officer as to the top-heaviness of the truck. Tr. 32.)
Ultimately, then, in the absence of clear improbability or other convincing demonstration of error, we find no reason to overturn the trial judge’s evaluation of the testimony of young Bodin as essentially truthful. A reviewing court should not disturb factual appreciations of the trier of fact in the absence of manifest error. Paquin v. Stockman, La.App. 3d Cir., 203 So.2d 419; Satterwhite v. Zurich Insurance Co., La.App. 1st Cir., 199 So.2d 429; Savage v. Haynes, La.App. 3d Cir., 146 So.2d 285.
Insofar as the appellants rely heavily on the alleged similarity of the present facts to Gauthier v. Fogleman, La.App. 1st Cir., 50 So.2d 321, we should point out that the present facts reasonably indicate that the present decedent entered the intersection when the right-of-way driver was closer to it than in Gauthier. Here, only 12 feet of skid marks were made prior to the intersection, while in the cited decision the brakes were applied 40 feet from it.
More important, as noted by State Farm Mutual Automobile Ins. Co. v. Gouldin, La.App. 1st Cir., 121 So.2d 365, in rejecting arguments based upon assumed similar footage to other intersectional collisions, each case stands upon its own minutely varying facts. The trial court’s factual determination that the superior motorist’s entry into the intersection did or did not cause a collision concerned must be reviewed in the context of the infinite plausibly corroborating variations of split-seconds and feet-distant involved, as deduced from human observations based upon recollections of two or three moments of sudden crisis.
We should further note that, even though a right-of-way driver exceeds the speed limit, this may not constitute a proximate cause of a collision primarily caused by a sudden entry into his path of another motorist from a side-street. Hulin v. Guilbeaux, La.App. 3d Cir., 171 So.2d 713; Central Louisiana Electric Co. v. Hodges, La.App. 3d Cir., 137 So.2d 132; see also Davis v. Bankston, La.App. 3d Cir., 192 So.2d 614 (excessive speed contributory cause).
*325 We thus find no error in the trial court’s factual appreciation that the decedent did not “preempt” the intersection, i. e., have a superior legal right to he in it. The side-street motorist does not do so unless he enters the intersection on a reasonable belief that right-of-way traffic is sufficiently distant that his own crossing will not require an emergency stop by the latter. Hernandez v. State Farm Mutual Automobile Ins. Co., La.App. 3d Cir., 128 So.2d 833; Andrea v. Hicks, La.App. 3d Cir., 125 So.2d 251. We cannot say the trial court erred in rejecting as insufficiently proven such claimed exculpation for the decedent’s violation of young Bodin’s right of way.
For the foregoing reasons, we affirm the trial court judgment dismissing the claim of the plaintiffs for the damages arising out of the tragic loss of their husband and father. The costs of the appeal are to be paid by the plaintiffs-appellants.
Affirmed.