REDMANN, Judge.
Defendant moved in this court to dismiss plaintiff’s devolutive appeal from a judgment dismissing his suit at his cost.
While the basis on which defendant moves dismissal is plaintiff’s refusal to pay the costs fixed as due defendant, we believe it improper to rule on defendant’s motion at this time, because on looking at the record we find a possible question of our jurisdiction, and we are obliged on our own motion to notice lack of jurisdiction and to dismiss in a proper case; see Orrell v. Southern Farm Bureau Cas. Ins. Co., 248 La. 576, 180 So.2d 710 (1965).
*923 We notice the written order of appeal simply grants a devolutive appeal and fixes a return date, without conditioning it on the posting of an appeal bond. However, on the same day the order was signed, a $250 appeal bond was filed, reciting plaintiff was ordered to give security in the sum of $250.
We do not consider cases dismissing sus-pensive appeals for failure of the order to fix bond where necessary as controlling, since the suspending of a judgment amounts to considerably more than review on de-volutive appeal. Consider, e. g., the entitlement of an indigent party to a devolu-tive appeal without bond, but the denial of suspensive appeal without bond, LSA-C.C.P. art. 5185.
Where the obtaining of an order of appeal, which is the exclusive method of taking an appeal, LSA-C.C.P. art. 2121, is not timely, the appeal must be dismissed for lack of jurisdiction; Thomas v. Reliance Ins. Co., La.App., 215 So.2d 515 (1968).
Where the order of appeal requires and fixes the amount of the bond but the bond is not timely filed, the appeal must be dismissed for lack of jurisdiction; LSA-C.C. P. art. 2088; Orrell, supra.
But where a timely order of devolutive appeal fails to fix the amount of the bond, although a bond is in fact timely filed, the result is not clear, and perhaps is even more unclear when, as here, the order does not purport to require a bond although it should.
In Dupre v. Hartford Acc. & Indem. Co., 197 So.2d 119 (1967), after dismissing on appellee’s motion an appeal as suspen-sive for tardiness in filing the bond in the amount required for suspensive appeal, the Court of Appeal, Third Circuit, with Judge Hood dissenting, dismissed the appeal as devolutive on its own motion, for lack of jurisdiction because the order merely required bond “according to law.” The majority noted at 197 So.2d 121, the “deprivation of the appellant’s day in court because of such an anachronistic technicality is, in our view, no credit to our system of procedure.” See also the dissenting opinion at 197 So.2d 121.
This Court, in Lerner v. Bischof, 189 So. 142 (1939), written by now Justice McCaleb, considered Pan-American Bank & Trust Co. v. Ransom, 150 La. 142, 90 So. 548 (1922), the same Supreme Court case followed by the Third Circuit in Dupre, and concluded Act 234 of 1932, now LSA-R.S. 13:4433, prevented dismissal for failure of the written order of appeal to fix the amount of bond in that case. There the order conditioned the appeal on bond “according to law”, where the judge should by law have fixed a specific amount. The appellant’s attorneys admitted fault in submitting to the judge an order not fixing the amount, but “told” the appellate court they discussed the amount with the trial judge and he fixed it in the amount of the bond actually filed.
In view of the requirement of LSA-Const. art. 1, § 6, that all courts shall be open, and every person have adequate remedy by law, and justice administered without denial; and of the fact that indigent parties may devolutively appeal without bond, LSA-C.C.P. art. 5185; and since appeals are favored in law and should not be dismissed except on clear legal ground, Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968); we believe we should follow our decision in Lerner v. Bischof, supra, and we will therefore afford to appellant seven days, exclusive of Sundays and holidays, from the date of this opinion, within which to obtain from the trial court an order amending the order of appeal to specify, nunc pro tunc, the amount of the devolutive appeal bond (without considering the later fixing of costs by rule.) Such rights as defendants may have thereafter to object to the sufficiency of the bond under LSA-C.C.P.. art. 2088 of course remain.
*924 We do not rule at this time on the sufficiency of the grounds on which defendant moves dismissal, but defer our decision on that motion until such time, within the time hereby granted, as appellant obtains the nunc pro tunc amendment of the order of appeal.
Decision on motion to dismiss deferred.
ON MOTION TO DISMISS
PER CURIAM.
Appellant has substantially complied with the requirement of our opinion of February 3, 1969, that the order of appeal be amended to state the amount of the de-volutive appeal bond.
By joint stipulation of counsel, defendants’ original motion to dismiss the appeal filed December 30, 1968, is itself withdrawn.
Motion to dismiss withdrawn.