TATE, Judge.
The plaintiff sues for damages resulting from an intersectional collision. The plaintiff driver’s vehicle was struck while crossing from an inferior street across a right-of-way thoroughfare. Made defendant is the liability insurer of the right-of-way driver.
We find no error in the trial court’s evaluation of the conflicting evidence, as set forth in his reasons for judgment. Under the facts so found, the plaintiff drove into the intersection in the immediate path of the right-of-way driver, when the latter was so close that an accident could not reasonably be avoided.
The trial court therefore did not err in barring recovery because the plaintiff’s driver’s negligence was the (or at least, a) proximate cause of the accident. Huval v. Bodin, La.App. 3d Cir., 216 So.2d 322.
Gauthier v. Fogleman, La.App. 1st Cir., 50 So.2d 321, and other decisions relied upon by the plaintiff are factually distinguishable. They concerned situations where the inferior driver entered at a time when the right-of-way driver was sufficiently distant from the intersection, so that the inferior motorist was reasonably entitled to assume he could enter and cross safely without obstructing the passage of right-of-way traffic.
We therefore affirm the judgment of the trial court dismissing the plaintiff’s suit. The costs of the appeal[1] are to be paid by the plaintiff-appellant.
Affirmed.

. The plaintiff has filed suit and prosecuted this appeal in forma pauperis. LSA-C.C.P Arts. 5181-88. The plaintiff took a suspensive appeal from the dismissal of his suit. Although entitled to a devolutive appeal as a party pauper, LSA-C.C.P. Art. 5185(3), he was not entitled to a suspensive appeal without bond. See LSA-C.C.P. Art. 5185. We note of our own motion, but do not decide, the issue of whether he should be entitled to correct this failure to furnish a sufficient or valid bond, LSA-C.C.P. Art. 5123, or whether instead the appeal should be dismissed for failure to post a bond required by law, Dupre v. Hartford Acc. & Indem. Co., La.App.3d Cir., 197 So.2d 119 (contra, Smith v. Jung Hotel Corp., La.App. 4th Cir., 218 So.2d 922).