On Motion to Dismiss Appeal.
MONROE, J.
Plaintiff recovered judgment against defendant in the sum of $5,000, as punitory, and $500, as actual, damages, found to have been sustained by reason of the wrongful issuance of an injunction, also directing defendant to render 'an account, and reserving plaintiff’s right thereupon to claim other damages. Defendant was granted a suspensive appeal, which was made returnable to this court on June 23, 1913, and filed the required bond. The appeal was lodged in this court on August 4, 1913, and 'plaintiff and the sheriff, who, to some extent, represents a seizing creditor, joining in the same motion, as also the creditor (by separate motion), now move to dismiss the appeal upon the following grounds, to wit:
“1. Because the delay in filing the appeal is entirely attributable to the appellant and the *29 unusual and extraordinary method pursued in connection with making up the transcript herein, the whole, as appears upon the face of the papers as follows:
“(a) It appears that the last day of the trial of this case occurred on February 6 and 7, 1913.
“(b) That the ease was argued and submitted on the 4th day of March, 1913.
“(c) That counsel for appellant prepared eight bills of exception, which were signed by the judge a quo, nunc pro tunc, on April 1, 1913, for February 6 and 7, 1913.
“(d) That judgment was rendered on the 7th day of May, 1913, and signed on the 20th day of May, 1913.
“(e) That a suspensive appeal was taken in open court by motion on the 29th day of May, 1913, and the return day fixed for June 28, 1913, or the fourth Monday in June.
“(f) That, in spite of the fact that the bills of exception were prepared and signed on April 1, 1913, by the judge a quo, they were not filed prior to the taking of the appeal, nor prior to the first return day of the appeal, June 23, 1913, but were only filed on June 27, 1913.
“(g) That, when the certificate of the clerk was given, that there was not sufficient time to complete the transcript, for the return day of June 28, 1913, it was given on the state of the record at that time, and hence, when four days after the return day in this court, to wit, June 27, 1913, counsel for defendant and appellant, as shown by the record, filed the eight bills of exceptions, the filing of those documents, after the granting of an appeal and after the lapse of the first return day — due entirely to the fault of the defendant and appellant — was totally irregular and unauthorized by law or the rules of practice of this court.
“(h) On the extended return day of July 7, 1913, the transcript being incomplete, by reason of the unauthorized filing of the bills of exception as late as June 27, 1913, and the statement made to the clerk by counsel for appellant that he intended to file several hundred documents annexed to said bills of exception, a further extension was applied for and obtained to August 4,1913.
“(i) On July 16, 1913, counsel for defendant and appellant, taking advantage of the extended return day, filed 769 documents, which are claimed to have been produced on the trial of the case, February 6 and 7, 1913, and which were, at all times, within the possession of the defendant, but which counsel for defendant, as per letter herewith attached, admits had been sent out of the state of Louisiana, and kept out of the state of Louisiana for an extended period, and not returned until after the delay for filing the appeal had expired.”
The letter annexed to plaintiff’s motion, and referred to therein, reads as follows:
“New Orleans, La., July 24, 1913.
“John O. Hollingsworth,
“Attorney at Law,
“403-404-405, Henning Bldg. Annex.
“P. M. Milner, Esq.,
“Attorney at Law,
“906 Hibernia Bldg.,
“New Orleans, La.
“In re Oertling v. Commonwealth.
“Dear Sir: In answer to your favor of the 16th inst., and in confirmation of my conversation in the clerk’s office of the civil district court, desire to say that the documents which were forwarded to the home office of the company were offered in evidence during the trial of this case, objected to by you, and your objection sustained. Therefore the documents belong to my client until such time as they were filed in evidence as part of the bills of exception reserved to their exclusion as evidence. I informed you that these documents were all marked and audited by an independent auditor before leaving this state, and that every document audited is before the court. I hope this explanation gives you any information you might have sought.
“J. C. H.; R. L. Yours very truly,
“[Signed] J. C. Hollingsworth.”
By way of answer, or return, to the rule, the defendant and appellant, through its counsel, has filed a brief, which we reproduce almost in its entirety, to wit:
“Plaintiff and appellee has filed a motion to dismiss the appeal in this cause, the aggregate averments of which convey the charge that the delays in the confection of the transcript by the clerk of the district court are imputable to the appellant, that .this honorable court has granted several such delays upon successive certificates of the clerk of the district court, and that the last of these delays was produced by the appellants withholding a large number of exhibits, so that additional time was necessary.
“As to all that is thus averred, we reply that the rules of this honorable court provide that, when additional time is required by the clerk of the court below in which to prepare the transcript, that officer shall furnish an affidavit or certificate in which it shall be declared that more time is needed for the confection of the transcript. In this cause, the clerk, or his deputy in charge of the matter, has furnished and subscribed the successive certificates which attest his inability to complete the transcript before the return day fixed by law or within the delays already fixed by this court. These certificates rest upon the official honor and integrity of the public officer' subscribing them, and they are the means provided by the rules of this court for bringing to it the statement of insufficient time in which to perfect the transcript. It is not *31 ■easy to perceive how this court can permit this exclusive and authentic means of official information to be questioned under any circumstances, nor can we conceive how the court, if it chose to do this, could enter into the undefined realm of ex parte and oral evidence, thereby assuming original jurisdiction, by considering testimony not heard in the district court, in order to test the truthfulness of the official certificate, or to learn whether the certifying officer has been induced, by friendly or unworthy considerations, to subscribe a certificate to which the appellant was not entitled. Were such a charge of unfairness made against the clerk of the district court, or the appellant, the only means of arriving at a just solution would seem to be the remanding of the cause, in order that the truth be shown, to a judge having authority to hear evidence which is evidence for the first time.”
Counsel then refer to the ruling of this ■court in Moore v. Simms, 21 La. Ann. 649, and proceed as follows:
“Were this rule respecting the official certifi■eate of the clerk of the district court not observed, every appellee would be induced to seek some cause for dismissing an appeal, resting entirely in pais, and would debate the dismissal, upon ex parte and original evidence, before entering upon the merits of his cause.
“Without any expectation that the official certificate of the clerk of the district court (or his ■deputy) may be invaded, but solely to show that there has been no favoritism in his asking for additional delays for the preparation of the transcripts, that the last delay, which was granted only on July 7, 1913, and extended the time for filing to August 4, 1913, was not made necessary by appellants withholding eight bills of exception and 769 documents thereto annexed, ■but resulted from antecedent circumstances, outside those documents, we annex hereto the affidavit of Messrs. Andreé and Deputy Clerk Haxen, who prepared the transcript.
“And to show that counsel for appellant made timely presentation of those documents to the •district judge for his signature — before filing them, of course — and then made diligent search for them in order to file them, and that they ■could not be found until after a long delay, we annex hereto the certificate of the minute clerk -of the division in which the cause was tried.”
Neither the affidavit nor the certificate, referred to in the brief of counsel, are annexed thereto, and counsel for the appellees, in a reply brief, say that they cannot be produced. Counsel for appellant have, however, filed a brief in rebuttal (if we may so call it), in which they .say, in substance, that ■eight bills of exception were reserved during the trial, with the privilege of annexing thereto certain “vouchers”; that, when the appeal in this case was taken, other appeals were taken, which resulted in a congestion in the district court; that, to relieve the situation, they requested the counsel for appellees to permit the vouchers (to be annexed to their bills) to be brought up in the originals ; that the request was refused.
“Therefore” (they say) “the clerk of the civil district court, in preparing the transcripts of appeal, was forced to make four copies of all evidence, and, upon the various return days, was not able to complete the transcripts and foward them to the Supreme Court. This accounts for the delay in the record, and, as the evidence thereof, we again call the court’s attention to the certificates of the officer charged by law with the performances of this duty.”
As an explanation of their failure to annex to their original brief the affidavits of the deputy clerk and minute clerk therein referred to, or to file them since, counsel say:
“The clerk of the civil district court, having in his official character, certified to this court that the transcripts could not be completed upon return days named, takes the position that he has already certified to the court the facts in relation to those transcripts.”
Théy also say that the clerk informed them that he had refused a certificate to counsel for appellees.
The facts which are alleged in the motion to dismiss the appeal appear, for the most part, upon the face of the transcript, or in the records of this court, that is to say, it there appears that the last days of the trial were February 6th and 7th; that the judgment was signed, the appeal granted (returnable June 23d), and the bond filed on May 29th; that appellants moved, in this court, on June 23d, for an extension of time for the return of the appeal, which motion was supported by an affidavit of a deputy clerk, to the effect that the transcript had. not been completed for lack of time, and that the time was accordingly extended until July 7th; that on June 27th there were filed *33 in the district court eight bills of exception, which had been reserved on the trial of the case, and signed by the judge on April 1, 1913, “for day of trial, nunc pro tunc,” and each of which contains a recital, to the effect that “the rejected documents may be annexed to this bill by counsel”; that no documents were annexed to the bills, as filed; that on July 7th (the return day fixed by the order extending the time) there were filed in this court a motion and affidavit similar to those filed on June 23d, asking a farther extension of time until August 4th, and that the request was granted; that on July 16th the documents referred to in the bills of exception were filed in the district court, to which we may add that, being copied in the 'transcript, they occupy about 200 pages; and that on August 4th the transcript was lodged in this court.
Opinion.
The Constitution (article 85) declares that:
“Said court” (referring to this court) “shall have such original jurisdiction as may be necessary to enable it to determine questions of fact affecting its own jurisdiction, in any case pending before it, or it may remand the ease.”
The Code of Practice requires and provides as follows:
“Art. 587. The appellant must return the said petition of appeal and the transcript of the proceedings into the court of appeal, on the return day thereof.
“Art. 588. If the appellant neglect to file in the appellate court the copy of the record and the accompanying papers within the time thus fixed, the appellee may apply one of the modes mentioned in the two following articles, either to have execution on the judgment or final judgment on the appeal.
“Art. 589. If the appellee prefers having execution on the judgment, he may, within three days after the time allowed for the appellant to file the record, obtain a certificate from the clerk of the appellate court, declaring that the record has not been brought up, and on the production of this certificate in the lower court, it shall award execution on the judgment, which then becomes irrevocable.
“Art. 590. If the appellee prefers to have judgment on the appeal, he may obtain a copy of the record from the lower court, and bring it up to the appellate court, and may pray for judgment, or for the dismissal of the appeal, in the same manner as if the record had been brought up by the appellant.”
“Art. 883. If the appellant has not filed in the Supreme Court, on the day appointed by the inferior judge, the record from the court below, and was prevented from doing so by any event not under his control, he may, either in person or by attorney apply to the court before the expiration of three days, after, which the appellee may obtain a certificate from the clerk declaring that the record had not been filed, and may demand a further time to bring it up, which may be granted by the court if the event causing the delay be proved to its satisfaction; the court may even grant an injunction to the appellant, during the further time allowed, to suspend execution on the judgment appealed from, if, at the time of petitioning for such further delay, the appellee had already required of the clerk the certificate necessary for the pursuit of such execution.”
The rule adopted by this cour-t in furtherance of the purposes of the law thus quoted reads as follows:
“Rule III. * * * 3. Motions for extensions of'time to file transcripts must be supported by the afiidavit of the clerk of the lower court, or of the counsel, or of the mover. Such afiidavit must state, specifically, the causes which prevented the completion of the transcript within the legal delay.” 48 La. xiv, 47 South, vi.
[1-5] It is clear from the foregoing that the right of the appellee to have the appeal dismissed, upon the failure of the appellant to comply with the prescribed conditions, is no less a right founded in the law than is that of the appellant to have the appeal maintained, upon so complying. It is equally clear, since the appellant is required, in order to obtain an extension of time within which to file his transcript, to prove, to the satisfaction of this court, that his inability to file it, within the delay fixed by the trial judge, is attributable to a cause not within his control, that this court must determine the question of fault vel non, and, in order to do so, must needs afford a hearing to both the parties interested in the decision. The assumption that the ex parte affidavit, upon which the appellant may obtain such extension, cannot be questioned, but is conclusive of the rights of the appellee, in the premises, *35 and that the rule adopted by this court in furtherance of the purposes of the law makes it conclusive, is wholly unauthorized and inadmissible, and would bring the rule into conflict, not only with the particular law which it is intended to carry into effect, but with the fundamental principle and law that no one can be deprived of his rights without being afforded an opportunity to be heard. Moreover, if it were true, as counsel for appellant appear to contend, that, in a matter of this kind, no original, or ex parte, evidence can be received or considered by this court, then the appellant has no standing to defend this rule, since its sole reliance is the ex parte affidavit annexed to its motion for an extension of time. Construing the rule of court which is here involved with reference to general principles, to the law, and to the jurisprudence, to which we have referred, it is evident that its purpose is merely to provide for the presentation to this court of a prima facie case, upon which an order may be granted, at the ultimate risk of the applicant, extending the time for the return of the appeal, just as the petition and affidavit for an attachment present a prima facie case, upon which, at the risk of the plaintiff, the court of the first instance will order the issuance of the writ prayed for by him; but in neither case is the ex parte order, or the ex parte affidavit, conclusive of the rights of the opposing litigant, who has not been heard. The Constitutions of 1812 and 1845 vested the Supreme Court with “appellate jurisdiction, only,” and the Constitutions of 1852, 1864, 1868, and 1879 conferred upon it “appellate jurisdiction only,” save as otherwise specially provided, and contained no such special provision as that which we have quoted from the present Constitution. We believe, nevertheless, that we are safe in saying that this court has always recognized the right of an appellant to support his motion for an extension of time by an ex parte affidavit, and, on the other hand, has always recognized the right of the appellee to traverse such motion, and to support his traverse by counter, ex parte, affidavits. In view, however, of the special provision (herein-above quoted) in our present Constitution, which removes any doubt which might otherwise be suggested as to the jurisdiction of this court to entertain such a contest as this, and to receive and consider such original evidence, oral or written, as may be necessary for its decision, we shall confine our reference to the jurisprudence established under the previous Constitutions to a very few cases.
In Succession of Kuntz, 33 La. Ann. 30, it appeared that an appeal to this court was made returnable on the first Monday in November, 1880; that on November 1, 1880, counsel for appellant applied for an extension of time, and supported his application by a certificate from the clerk of the district court, to the effect “that the transcript had not yet been completed for want of time,” whereupon a delay of 30 days was granted; that on December 1st and December 16th further delays were granted on similar applications and certificates; that in the meanwhile, on December 13th the appellees moved to dismiss the appeal, and annexed to their motion a certificate from the clerk of the district court, of date December 11th to the effect that, from the 5th of November to the 10th of December, the original papers in the cause had been in the possession of appellant's counsel, and that the transcript had not yet been begun. This court said:
“The mere statement of the foregoing facts, and occurrences shows that our order granted on December 1st, allowing an extension of 15 da5'S, was predicated on an alleged cause of delay, which is materially contradicted by the certificate of the clerk under date of the 11th of December, and that the order was therefore wrongfully obtained. The absence of the original record from the clerk’s office, and its detention by appellant’s counsel, not want of time, were the causes which delayed the completion of *37 the transcript. In their motion for an additional delay, under date of December 16th last, appellant’s attorneys offer an explanation which screens them from any imputation or suspicion of unfairness in their detention of the papers; but it is not sufficient to protect them from the legal effect of their neglect or omission in not producing the transcript in due time. The order granting the additional delay, having improvidently issued, must therefore be rescinded; but, as we have no transcript, and therefore no appeal, before us, we do not feel authorized to dismiss the appeal.”
The court thereupon rescinded the order of December 1st, granting the extension of time, and refused the application of December 16th, which amounted, in effect, to a dismissal of the appeal.
In Chretien v. Poincy, 33 La. Ann. 131 (dealing with a motion for extension of the time for filing a transcript), the court said:
“The court can grant no valid order in contravention of law, and, when surprised, as in this case, into an error of computation of time, will rescind its own orders without special motion to that effect. In making such motions, attorneys must be careful to be within the plain requisites of the law, or else they will eventually be deprived of any relief which may be granted inadvertently.”
In World’s * * * Exposition v. Railroad Co., 38 La. Ann. 905, it was said:
“In the case of the Succession of Kuntz, 33 La. Ann. 30, we showed that orders for extensions of time in such matters were altogether at the risk of the appellant, who would not be protected by the order in delaying the transcript, if it should subsequently appear that the motion had not been seasonably made, and that the order had, in consequence, been granted inadvertently. * * * It is true that an appellate tribunal will always and firmly protect the constitutional right of appeal; but, on the other hand, the court must not lose sight of the legal rights acquired by an appellee through the omission or neglect of his opponent.”
[6] In the instant case the affidavits upon which the appellant obtained the orders of this court, though, perhaps, according to a form commonly used, are not such as are contemplated by the rule which provides for an affidavit “of the clerk of the lower court, pr of the counsel, or of the mover,” and declares that “such affidavit must state, specifically, the causes which prevented the completion of the transcript within the legal delay.” The affidavits here in question read (in part):
“The transcript * * * has not been completed for the reason that we did not have sufficient time.”
The plain meaning of the rule, in providing that the affidavit may be made by the clerk, the counsel, or the mover, is to include cases in which the real cause — -the causa causans— of the delay may be personal to, and within the knowledge of, either of the parties mentioned, and may not be within the knowledge of the others. As was said by Judge Martin many years ago:
“The clerk of the inferior court may die, be disabled by sickness or a great pressure of business from making out the transcript, or he may neglect or willfully omit” (Kirkland v. His Creditors, 8 Mart. [N. S.] 598),
—in which case the cause of the delay is personal to him, and within his knowledge or that of his deputy, and the affidavit should be made by one or the other. But, if the real cause of the delay — the reason why the time is insufficient — is because the appellant withholds the record, or some part of it, during part, or the whole, of the time allowed by the order of appeal, or because of representations made by him to the clerk with ■ reference to papers to be filed by him, and which he asserts should be copied in the transcript, then the real cause and reason of the delay are personal to, and within the knowledge of, the appellant, and he should make the affidavit. In Succession of Kuntz (cited supra) this court said:
“The absence of the original record from the clerk’s office, and its detention by plaintiff’s counsel, not want of time, were the causes which delayed the completion of the transcript.”
So we say here that, if the withholding by the appellant or its counsel of the bills of exception and exhibits which have been men *39 tioned, and not want of time, was the cause which delayed the clerk in completing the transcript in this case, the appellant or its counsel should have made the affidavits, and should have so stated, or, if the clerk chose to make the affidavit, he should have so stated.
The facts in that connection, though strongly suggested, do not appear with certainty upon the face of the record, and, as we do not deem it expedient to consume the time of this court in that way, the case will be remanded to the district court, in order that they may be there developed.
It is therefore ordered, adjudged, and decreed that this case be remanded to the district court, with instructions to receive such relevant testimony as may be offered on behalf of the appellant or appellees upon the question whether the delay in the completion of the transcript which has been herein filed was attributable to a cause personal to, and within the knowledge of, the clerk, or to a cause personal to, and within the knowledge of, the appellant or its counsel, and not within the control of either. It is further decreed that the costs, to be incurred for the purposes of the inquiry, so ordered, be advanced by the parties, respectively, and that the question of ultimate liability therefor be held in abeyance, to await the final decision upon the rule which we have here considered.