172 So. 767

**UNION BLDG. CORPORATION v. BURMEISTER.**

No. 34166.

Feb. 1, 1937.

O'Niell & O'Niell, of New Orleans, for appellant.

Anna Judge Veters, of New Orleans, for appellee.

PONDER, Justice.

This is a motion to dismiss the appeal herein, on the ground that the transcript is not made in triplicate in conformity with the provisions of Act No. 80 of 1912.

The facts are, viz.: Certain exhibits (three promissory notes, three certified copies of acts of chattel mortgages, and three ledger sheets) were attached in their original form to one of the copies of the transcript and no copy of said exhibits was attached to either of the other two copies of the transcript. On November 30, 1936, this case was advanced and placed on the preference docket on motion of appellee. On December 30, 1936, appellant filed motion for permission to file supplemental transcript, which was granted by this court on that date, without prejudice. On the same day the transcript composed of triplicate photostatic copies of the said documents, with certificate of the clerk and deputy clerk of the lower court that same are true copies, and that the error was theirs, was filed. On January 4, 1937, the motion to dismiss was submitted to this court.

Act No. 234 of 1932 provides:

"Be it enacted by the Legislature of Louisiana, That whenever an appellant files an incomplete transcript, or files the transcript or a further application for an extention, within three judicial days after the return day, or omits to file as part of the record any transcript exhibits offered in evidence, or whenever because of any

error on the part of the Clerk of Court or of the trial judge, or for any purely technical reason, a motion to dismiss his appeal is filed either by an appellee, third person or intervenor, charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss; and such appellant may, before the date on which the motion to dismiss is fixed for trial, cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied."

Under the expressed terms of Act No. 234 of 1932, the appellant would have the right to file the supplemental transcript. The act provides that the appellate court shall, which is mandatory, deny the motion to dismiss if the appellant corrects the irregularity before the trial date of the motion. In other words, Act No. 234 of 1932 permits appellant to complete his transcript by complying with provisions of Act No. 80 of 1912.

For the reasons assigned, the motion to dismiss is refused.

O'NIELL, C. J., recused.