173 So. 513

**REX REALTY CO., Inc., v. HOWARD'S D. G. S., INC.**

No. 34143.

March 1, 1937.

Rehearing Denied March 29, 1937.

Dickson & Denny, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

HIGGINS, Justice.

The appellee filed a motion to dismiss the appeal on the ground that the order granting an extension of time within which to file the transcript was improvidently issued, because the appellant failed to apprise the court of the fact that the appellant's negligence, carelessness, and indifference in filing the devolutive appeal bond was the sole and only reason why the transcript was not prepared timely.

The record shows that the plaintiff sued the defendant for the sum of $3,200, rep-

resented by a series of thirty-two notes, each for the sum of $100, bearing 8 per cent. interest and secured by a chattel mortgage on all of the property owned by the defendant. This property was seized under a writ of sequestration. There was judgment below in favor of the plaintiff, as prayed for, on June 6, 1936, and a new trial was denied on July 1, 1936. On the same day, the defendant filed a motion for a suspensive and a devolutive appeal, which were granted by the district judge on July 8, 1936, and made returnable on September 4, 1936. The defendant being unable to furnish a suspensive appeal bond, the plaintiff caused the property to be sold at public sale on July 18, 1936, to a third person. On August 25, 1936, the defendant filed a devolutive appeal bond in the sum of $250, signed by its attorney.

On August 27, 1936, the defendant-appellant filed a motion for an extension of the return day until November 4, 1936, stating in his application that the clerk of the district court was "unable to get the voluminous transcript ready by the time fixed for the said return day." Annexed to the petition for the extension of time is a certificate of the clerk of the district court in which he states that the work in his office "was so congested that it is impractical to get the transcription in the above entitled and numbered cause ready for the Supreme Court by September 4, 1936." Based upon this certificate, and the petition of the defendant and appellant, we extended the return date to November 4, 1936.

In the motion to dismiss the appeal, counsel for the plaintiff and appellee calls our attention to the unusual delay in filing the devolutive appeal bond by the defendant and appellant. There is annexed to the motion to dismiss an affidavit of the clerk and the deputy clerk of the district court, in charge of preparing the transcript, to the effect that the transcript would have been prepared and ready to be filed in this court on September 4, 1936, the original return day, had the defendant and appellant, within a reasonable time after July 8, 1936, perfected his devolutive appeal by filing the bond; and that the original certificate of the clerk merely certified that his office was unable to prepare the transcript between August 25, 1936 (the date the devolutive appeal was perfected), and September 4, 1936.

From the foregoing facts, it appears clear to us that it was entirely the fault of defendant and appellant that the transcript was not prepared and filed in this court on September 4, 1936, the original return day. The unusual delay of seven weeks in filing the devolutive appeal bond by the defendant and appellant made it impossible for the clerk's office to prepare the transcript between August 25 and September 4, 1936. Therefore, the necessity for asking for an extension of time was due entirely to the procrastination of the defendant and appellant. Under such circumstances, the appeal should be dismissed. Knox v. Yazoo & M. V. R. Co., 135 La. 417, 65 So. 595; Oertling v. Commonwealth Bonding & Casualty Co., 134 La. 26, 63 So. 611; Martel Apparatus Co. v. Lafayette Sugar Refining Co., 158 La. 727, 104 So. 632; Thibodeaux v. Cayard, 52 La.Ann. 1374, 27 So. 737; Thibodaux v. Raggio, 52 La.Ann. 1352, 27 So. 738; Hillard v. Taylor, 114 La. 883,

38 So. 594; Lacroix et al. v. Camors et al., 34 La.Ann. 639; Chretien v. Poincy, 33 La. Ann. 131; Succession of Kuntz, 33 La.Ann. 30; and Lacroix v. Bonin, 33 La.Ann. 119.

For the reasons assigned, the motion to dismiss the appeal is sustained and the appeal is dismissed, at appellant's costs.

O'NIELL, Chief Justice (dissenting).

I concede that, if an attorney misrepresents or conceals the facts in order to obtain an extension of the time allowed for the filing of a transcript of appeal, the appellee ought to have an opportunity to show the facts and have the order of extension rescinded. Oertling v. Commonwealth Bonding & Casualty Co., 134 La. 26, 63 So. 611. If there were any suggestion that the attorneys for the appellant in this case misrepresented or concealed the facts, in obtaining the order of extension, the appellee would be entitled to an order remanding the case for the purpose of receiving evidence on the subject, and to determine whose fault it was that the clerk of court could not make up the transcript within the time allowed originally. But, even when there is a suggestion of misrepresentation or concealment of the facts in that respect, the appeal should not be dismissed without allowing the appellant an opportunity to be heard. In this case, I do not consider that the attorneys for the appellant were guilty of any neglect in taking a month and seventeen days to file a bond for a devolutive appeal. The law allows a year for the taking of a devolutive appeal. The defendant in this case might have asked for a suspensive appeal only, within the ten days allowed by law, and might have waited a year before taking a devolu-

tive appeal. It may be that the attorneys for the appellant have a good excuse for having failed to file an appeal bond immediately after—or soon after—the judge granted the appeal. The judge did not grant the appeal immediately when the petition was presented to him, but took seven days in which to perform the perfunctory act of granting the appeal and fixing the amount of the bond for a devolutive appeal. It may be that the attorneys for the appellant were not informed immediately when the judge granted the appeal.

The most important point in this case, however, is that the appellant or the attorneys for the appellant had no way of knowing, on or before the 25th day of August, 1936, that the typist who makes up the transcripts of appeal would not have time to make up the transcript in this case between the 25th of August and the 4th of September—or the 7th of September. The appeal was returnable on the 4th, but the law allows three days of grace. The typist, therefore, had really thirteen days in which to make up the transcript. Aside from the note of evidence, the carbon copies of which were furnished by the stenographer, the record contains only 73 pages of typewriting; and they are not all full pages. A typist having an average speed could have made this transcript in two or three days—working leisurely. In fact, it might have been done in 12 or 13 hours, or say in the 13 days, working an hour a day. I am not suggesting that typists ought to work faster or harder than they do; but it does seem to me that the attorneys for the appellant in this case were not unreasonable in allowing the clerk of court and his typist

only 12 or 13 days in which to copy 73 typewritten pages. In the first case cited in the prevailing opinion in this case, Knox v. Yazoo & M. V. R. Co., 135 La. 417, 65 So. 595, where the attorneys for the appellant lost 15 out of 21 days before filing the appeal bond, it was said that the remaining 6 days should have given the clerk ample time in which to prepare a transcript containing 30 pages—and not full pages, at that—besides "the part furnished ready-made by the stenographer."

We must bear in mind that an attorney at law, applying to the clerk of a district court to prepare a transcript of appeal, is not disposed to take issue with the clerk if he asks for more time than the attorney thinks he needs. In this case, if the attorneys for the appellant believed, previous to the 25th of August, 1936, that the clerk of court would have ample time to make up the transcript between that date and the 4th or 7th of September, there was no reason why they should state, in their petition to this court for an extension of the time, that they did not file the appeal bond until the 25th of August, 1936. Hence I do not consider that the attorneys withheld any relevant fact when they asked for the extension of the time in which to file the transcript. They had the right, therefore, to rely upon the order of this court, granting the extension. And they did rely upon it, to the extent that they paid the clerk of the district court $39.50 for making the transcript, and paid the clerk of this court the required deposit of $25 for costs.

For the reasons stated I respectfully decline to subscribe to the decree dismissing this appeal.