ODOM, Justice.
 

 The appeal in this case was made returnable in this court on June 3. On May 31, counsel for appellant filed in this court a motion for an extension of the time in which to file the transcript, on the alleged ground that it was impossible for the clerk of the district 'court to complete the transcript by the return day or within the three days of grace. The application for the extension was supported by the affidavit of one of the attorneys of the appellant. Based upon the prima facie case presented by the attorney for appellant, the return day for filing the transcript was extended to July 3, within which time the transcript was lodged in this court.
 

 On July 1, counsel for appellee filed a motion to vacate the order granting the extension of the time for filing the transcript, and a motion to dismiss the appeal. The motion to vacate, or set aside the order extending the time for filing the transcript, is based on the alleged ground that the allegations set forth in counsel’s application for the extension of the time were untrue, and that the court was misled by appellant’s counsel. The motion to vacate was supported by the affidavit of the clerk of the district court, in which he stated that there was but little evidence taken on the trial of the case, that he could have prepared the transcript of appeal and filed it before the return day originally fixed, and that the reason he did not do so was that counsel for the appellant instructed him to delay the preparation and filing of the transcript.
 

 Rule III of this court provides that a motion for extension of time for filing transcripts “shall be supported by affidavit, and shall state, specifically, the cause which prevents the completion of the transcript within the legal delay. Such affidavit shall be made by the clerk of the trial court, the litigant applying for the extension, or his attorney at law or in fact, as the one or the other may be in possession of the requisite information.”
 

 The motion of counsel for appellant, supported by his own affidavit that it was impossible for the clerk of the district court to prepare and file the transcript within the delay originally allowed or within the three days of grace, made out a prima facie case for the extension of the time, which we granted. But counsel, in thus
 
 *740
 
 procuring the extension of time, ran the risk of having the order vacated in case it should subsequently appear that the facts alleged in the motion for the extension and in the supporting affidavit were not true. Oertling v. Commonwealth Bonding & Casualty Co., 134 La. 26, 63 So. 611. In the Oertling case the court quoted with approval the following extract from World’s Industrial & Cotton Centennial Exposition v. Crescent City Railroad Co., 38 La.Ann. 905:
 

 “In the case of the Succession of Kuntz, 33 [La.]Ann. 30, we showed that orders for extension of time in such matters were altogether at the risk of the appellant, who would not be protected by the order, in delaying his transcript, if it should subsequently appear that the motion had not been seasonably made, and that the order had, in consequence, been granted inadvertently. * * * It is true .that an appellate tribunal will always and firmly protect the constitutional right of appeal, but on the other hand, the court must not lose sight of the legal rights acquired by an appellee through the omission or neglect of his opponent.”
 

 If an attorney misrepresents or conceals the facts in order .to obtain an extension of time for the filing of a transcript of appeal, the appellee has the right, and should be given an opportunity, to show the true facts and have the order of extension rescinded. Counsel for appellee availed himself of this right by filing a motion to vacate, supported by the affidavit of the clerk that, as a matter of fact, he could have prepared and filed the transcript in time and would have done so but for the instructions given him by counsel for appellant. If this affidavit of the clerk, dated June 14, 1941, stood alone in the record, appellee’s motion to vacate the order and dismiss the appeal should prevail.
 

 But from an affidavit subsequently made by the clerk of the district court, which is attached to appellant’s answer and opposition to the dismissal of the appeal, it clearly appears that the clerk’s first affidavit was based upon a misapprehension on his part as to what should be included in the transcript. On the trial of the case, counsel for defendant offered in evidence certain documents and some testimony taken out of court. On objection made by counsel for plaintiff, appellee, the court refused to permit the filing of these documents and the testimony taken out of court. Counsel for defendant, appellant, excepted to the ruling of the court and reserved a special bill with the request that the excluded documents, etc., be attached to the bill and brought up to this court. It was so ordered by the judge. Subsequently, a controversy arose between counsel for defendant and the clerk as .to whether these excluded documents, etc., should be included in the transcript. ' This controversy is evidenced by certain letters and telegrams included in the record, which show that counsel for appellant repeatedly requested the clerk to include the excluded documents in the transcript, and that the clerk took the position that they were not to be included, and, on the advice, he says, of counsel for appellee, he refused to include them. In the clerk’s subsequent certificate, duly veri
 
 *742
 
 fied, which is dated October .1, 1941, he states:
 

 “That while affiant and counsel for defendant, appellant, were endeavoring to reach an accord on said difference the return day crept upon them, without necessary copies of said depositions and exhibits having been prepared.
 

 “That affiant did not wish to close and present to counsel for defendant, appellant, the transcript, minus said depositions and exhibits, without an agreement upon their difference having been reached, and it was absolutely necessary that application be made for extension of the return day.
 

 “That it was not affiant’s intention in his affidavit of June 14, 1941, heretofore filed in. this cause, to imply that counsel for defendant, appellant, had sought unnecessary delay in completion of the transcript or had been otherwise derelict in his duty.”
 

 It clearly appears, therefore, that the delay in making up and filing the transcript of appeal in this court was due to the misapprehension and controversy explained above. And, there being nothing to indicate that counsel for defendant, appellant, intended to, or did in fact, mislead the court in their application for the extension of time, the motion to vacate the extension order is denied. And, it further appearing that the clerk of the district court has completed the transcript by including therein the documents, etc., desired by appellant ,and has filed the transcript within the time as extended by this court, the motion to dismiss the appeal is overruled.