22 So.2d 673

Succession of EDENBORN.

No. 37797.

April 30, 1945.

Rehearing Withdrawn June 5, 1945.

F. Rivers Richardson, of New Orleans, Ben F. Roberts, of Shreveport, and Wm. H. Talbot, of New Orleans, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, and Milling, Godchaux, Saal & Milling, of New Orleans, for defendants-appellees.

HAWTHORNE, Justice.

This case is before us on a motion filed by the appellees to dismiss the appeal on the

ground that the transcript of said appeal was not filed in this court on January 9, 1945, the time fixed by the order of appeal, or within three days thereafter, due wholly to the fault and neglect of appellant, and that, since appellant's motion for an extension of time, which was granted by this court, did not set forth the true reasons for the delay in filing such transcript, the order of this court extending the return day for filing the transcript to February 8, 1945, was improvidently issued and should be recalled, and the appeal dismissed.

In the alternative, appellees set forth that, should this court find that the transcript of appeal was filed within the time required by law and the Rules of this court, then, in that event, said appeal should be dismissed for the reason that the transcript of appeal is not in the form required by law, in that appellant instructed the clerk of court for the Parish of Caddo, in the praecipe filed by appellant, to send up only in the original, and not to copy in the transcript of appeal, Exhibits "A" to "Q", both inclusive, offered in evidence by appellees and referred to in the note of evidence, and that said clerk, in accordance with said instructions, did not copy the documents in the transcript of appeal but forwarded the original documents filed in the district court to this court as part and parcel of said transcript of appeal.

On December 18, 1943, judgment was rendered by Robert J. O'Neal, judge of the First Judicial District Court for the Parish of Caddo, sustaining an exception of want of interest and no right of action filed by all defendants, and a plea of res judicata

filed by certain defendants, and rejecting and dismissing the demands of plaintiff, Mrs. Sophie Meier. A motion for a rehearing filed by plaintiff in the court below was overruled, and on July 14, 1944, the said Mrs. Meier filed a motion for a devolutive appeal to the Supreme Court of Louisiana, which appeal was granted and made returnable on September 11, 1944, devolutive bond being fixed in the sum of $500.. The record does not disclose any further proceedings under, and pursuant to, this motion and order, and this appeal was not perfected.

On motion made by Mrs. Meier, an order of appeal to this court was granted on November 7, 1944. This appeal was made returnable on January 9, 1945, and devolutive bond was fixed in the sum of $1000. This motion and order was filed on November 15, 1944. On December 11, 1944, the devolutive appeal bond in the sum of $1000 was filed in the court below.

On January 9, 1945, the return day, appellant filed in this court a motion for 30 days' additional time in which to file the transcript, and attached thereto a certificate of the deputy clerk of the First Judicial District Court, charged with the duty of preparing the transcript, which certificate set forth that the transcript was not ready for filing in this court, and, further, that 30 days' additional time would be necessary for the preparation thereof due to the voluminous size of said transcript and the labor in preparing the same. Pursuant to this motion, this court extended the return day for filing said transcript in this court to February 8, 1945.

On February 2, 1945, appellees filed the motion to dismiss the appeal, alleging that the reason that said transcript was not ready for filing in this court on January 9, 1945, or within the three days of grace allowed thereafter, "was not due to the inability of the Clerk's Office in and for the Parish of Caddo to prepare said transcript in time for filing within the original delay provided in the order of appeal dated November 7, 1945 [1944], and filed November 15, 1944, but that said failure to complete said transcript and have the same available for filing on January 9, 1945, or within the three days of grace allowed thereafter, was due to the failure of the appellant promptly to file the order of appeal and the bond with said Clerk in order that the Clerk might begin preparation of said transcript of appeal; that had the said bond been filed promptly after the order of appeal had been entered, the Clerk could have completed the transcript within the time allowed by the order of appeal, so that it would have been ready for filing on or before January 9, 1945. Due to the fact that the appellant's praecipe and the appeal bond were not filed until December 11, 1944, and the appeal thereby perfected, the Clerk did not begin, and was not required to begin work on the said transcript in order that the same might be completed within the time fixed for the filing of said transcript in this Court as provided in said order of appeal".

The motion further alleges that from November 7, 1944, the date of the corrected order of appeal, to January 9, 1945, the return day, was a term of two months and two days, which provided ample time for the preparation of the transcript, and that said transcript was actually completed on January 20, 1945, or within one month and 10 days from the time that the appeal bond was filed on December 11.

Attached to the motion to dismiss the appeal are two affidavits, one made by one of the attorneys representing the defendants-appellees, and the other by a deputy clerk of the First Judicial District Court in and for the Parish of Caddo, who is charged with the duty of preparing all transcripts of cases to be appealed to this court. In this affidavit the deputy clerk alleges, among other things, that, had the appeal bond in the sum of $1000 been filed promptly and not delayed until December 11, 1944, the transcript would have been ready for filing in this court on or before January 12, and that the delay in the filing of the appeal bond prevented affiant from preparing and having the transcript ready on or before the return day, January 9, 1945.

After the motion to dismiss had been submitted to this court on March 26, 1945, numerous affidavits were filed herein by both appellant and appellees. From these affidavits, the affidavits attached to the motion to dismiss, and the record itself, we find the relevant facts to be substantially as follows:

(1) The motion and order of appeal dated November 7, 1944, originally fixed the appeal bond at $500 and made the appeal returnable December 21, 1944, and service of this motion and order was accepted by appellees on the same date.

(2) On November 8 or 9, attorney who represented plaintiff-appellant in the lower court presented this motion and order to Mrs. E. E. Hope, deputy clerk of court, for filing.

(3) This motion and order was received by Harold Booth, minute clerk, after 10:00 a. m. on November 15, 1944, and filed by him on this date. Shortly after he received the motion and order, he discussed with Mrs. Hope, who handles the preparation of transcripts of appeal, the question of the sufficiency of the amount of the bond as fixed in the original order. Mrs. Hope informed him that the bond was not sufficient and that it should be increased to $1000; that more time would be needed for the preparation of the transcript, and that the return day should be extended to January 9, 1945. Mr. Booth then informed attorney for appellant that it was necessary to extend the return day to January 9, 1945, and to increase the bond to $1000, and the attorney consented to these changes.

(4) At some time between November 15, 1944, and 10:00 a. m. on November 18, 1944, Mr. Booth presented the original order dated November 7, 1944, to the district judge, who changed the original order so as to fix the bond at $1000 and extend the return day from December 21, 1944, to January 9, 1945. He did not, however, change the date of said order.

(5) The order of appeal, as corrected, was filed on November 15, 1944, and was read in open court and incorporated in the minutes of the court on November 18, 1944.

(6) The attorney for appellant at no time had in his possession the motion and order of appeal after he delivered it to Mrs. Hope on November 8 or 9.

(7) The attorney for appellant prepared an instrument so that the attorneys for appellees might consent to, and take cognizance of, the changes in the order of appeal which increased the bond to $1000 and extended the return day to January 9, 1945. He attempted to have this instrument signed on December 7 and 8, but one of the attorneys representing certain appellees was absent from the City of Shreveport on those dates. On December 9, which was a Saturday, all the attorneys for appellees consented to, and took cognizance of, the said changes by signing the instrument to this effect.

(8) On December 9, counsel for plaintiff-appellant also submitted to counsel for defendants-appellees a copy of appellant's praecipe to the clerk of court, dated December 7, 1944, with the request that counsel consent thereto. This request was refused, and on December 11 a copy of said praecipe was received through the mail by attorneys for the appellees.

(9) On December 11, 1944, counsel representing appellant filed the aforementioned praecipe with the clerk of court, and also filed the appeal bond in the sum of $1000, dated December 1, 1944. This praecipe instructed the clerk to include in the transcript, and send up to this court, certain original documents, in the following language:

"You are further directed to send up in the original exhibits 'A' to 'Q', both inclusive, offered by the defendants and referred to in the note of evidence taken and this letter will be your authority for so doing."

(10) On December 15, 1944, counsel for appellees filed with the clerk of court their counter-praecipe and mailed a copy of the same to opposing counsel.

(11) Promptly after the appeal bond was filed on December 11, 1944, the deputy clerk started work on the transcript, and completed it and had it ready for delivery on January 20, 1945, a period of 40 days.

(12) On January 9, 1945, the return day in this court, appellant filed a motion for 30 days' additional time in which to file the transcript, and attached the certificate of the deputy clerk hereinabove mentioned. Pursuant to this motion, this court extended the return day to February 8, 1945. The transcript was filed herein on February 1, 1945.

These facts show that attorney for appellant consented to the changes in the order of appeal increasing the bond from $500 to $1000 and extending the return date from December 21, 1944, to January 9, 1945, but we are unable to ascertain on what date this attorney had actual knowledge that the judge had made these changes. However, the corrected order was incorporated in the minutes on November 18, and 23 days intervened between this date and the date on which the appeal bond was actually filed, December 11.

Counsel for appellant in brief filed herein call our attention to the fact that the corrected order required a bond of a larger amount, which bond had to be sent to New Orleans from Shreveport for execution by the surety. The attorney for appellant in the lower court, in an affidavit filed here, states that he realized that he could not with safety file the appeal bond until notice of the changes had been brought to the attention of opposing counsel. He consequently prepared an instrument so that counsel for the appellees might take cognizance of, and consent to, the changing of the return day to January 9, 1945, and the increasing of the amount of the appeal bond to $1000, which changes were made since their acceptance of service of the original motion and order of appeal and waiver of citation thereof. He attempted to serve this instrument on the attorneys for appellees on November 7 and 8, but, one of said attorneys being absent from the city, was unable to do so. However, all of said attorneys did sign said agreement or instrument on December 9, which was a Saturday, and counsel filed the appeal bond on the following Monday, December 11.

On December 9 counsel for appellant submitted to the attorneys for appellees a copy of a letter of instructions to the clerk of court with reference to the preparation of the transcript, designating what portions of the record were to constitute the transcript of appeal, pursuant to Act 229 of 1910, as amended by Act 265 of 1918, and requested that counsel for appellees consent thereto. This request was refused, and it

was then necessary to send counsel for the appellees a copy of that letter through the mails.

On December 15 counsel for appellees filed with the clerk of court their letter of instructions with reference to the preparation of the transcript, under the authority of the above cited act, and mailed a copy of the same to counsel for appellant.

■ We are convinced from all the facts and circumstances that counsel for appellant believed, when he filed the appeal bond on December 11, that the transcript could be completed and filed in this court within the remaining 32 days. This being so, when it later became necessary for him to ask for an extension of time in which to file the transcript, there was no reason for him to state in this motion that the appeal bond had not been filed until December 11, and we do not consider that counsel for appellant misrepresented or concealed any facts in order to obtain this extension of time.

Counsel for appellant in brief contend that they were making every effort to bring up the appeal to this court in a transcript full and complete enough to show the issues involved, without encumbering said record with volumes of irrelevant matters. And the fact that a controversy as to what parts of the record should be brought up did exist between the attorney for appellant and counsel for appellees is clearly shown by the affidavit of one of the attorneys for the appellees, attached to, and filed with, the motion to dismiss. In this affidavit he states that attorney for the appellant, during the period of time between early September and early December, discussed with him on at least three or four occasions the proposal that some agreement be made and stipulation signed to condense, shorten, and abbreviate the transcript of appeal in said cause, and that on each and every such occasion the attorney for the appellees stated to counsel for appellant that no such agreement would be entered into and no such stipulation executed for and on behalf of the appellees.

There is no doubt in our minds that counsel for appellant was contending in these discussions that certain documents, which were later included in the transcript of appeal as per appellees' letter of instruction to the clerk, were irrelevant and unnecessary in order to determine the issues here involved—such documents, for instance, as 15 inventories made in 15 parishes in the Succession of William Edenborn, consisting of 138 pages of the transcript.

From December 11, 1944, the date on which the appeal bond was filed in this court, there remained 32 days before the last day of grace, January 12, 1945, in which to complete the transcript and file it in this court, and the attorney for appellant had no way of knowing just what documents, exhibits, or parts of the record the appellees would instruct the clerk to copy and place in the transcript until after appellees had presented their letter of instructions to the clerk on December 15. However, even under these circumstances, the record discloses that the transcript was completed within 40 days after December 11, or by January 20, 1945.

That counsel for the parties did not reach an agreement as to what parts of the record should be brought up is further shown by the fact that all parties hereto, as they had a right to do, availed themselves of the provisions of Act 229 of 1910, as amended by Act 265 of 1918, by filing with the clerk of court lists of the portions of the record which they wished to constitute the transcript of appeal.

In support of the contention of counsel for appellees that the failure to file the transcript of appeal in this court within the time fixed by the order of appeal was due to appellant's fault and neglect, and that the motion for the extension of the return day did not set forth the true reason for the delay in filing such transcript and should be recalled and the appeal dismissed, they cite the following leading cases: Succession of Kuntz, 33 La.Ann. 30; Thibodeaux v. Cayard, 52 La.Ann. 1374, 27 So. 737; Knox v. Yazoo & M. V. R. Co., 135 La. 417, 65 So. 595, and Rex Realty Co., Inc., v. Howard's D. G. S., Inc., 186 La. 867, 173 So. 513.

In Succession of Kuntz, the court found that the absence of the original record from the clerk's office and its detention by appellant's counsel, not want of time, were the causes which delayed the completion of the transcript, and rescinded its order granting an extension of time.

In Thibodeaux v. Cayard, the motion to rescind an order granting an extension of time to file the transcript and to dismiss the appeal was sustained for the reason that the court found that the delay in filing the transcript was due to the fact that ap-

pellant had failed and neglected to pay for the same.

In Knox v. Yazoo & M. V. R. Co., the appeal was dismissed, the court finding that the clerk did not begin to transcribe the testimony until April 20, 1914, the day on which the appeal was returnable, having been previously instructed by counsel for appellant not to transcribe it, and that it did not appear that appellant had ever filed the appeal bond. However, since the bond was dated April 15, 1914, it could not have been filed before that date, and thus appellant had left to the clerk only six days in which to make and complete the transcript.

In the Rex Realty Co. case, the order of appeal was dated July 8, 1936, and made returnable on September 4, 1936. On August 25, 1936, defendant filed the devolutive appeal bond. This court, in dismissing the appeal, stated that under such circumstances a period of seven weeks was an unusual delay, and that it was impossible for the clerk's office to prepare the transcript between August 25 and September 4, 1936, a period of 10 days.

The above cited cases do not support appellees' contention under the facts and circumstances of the case now under consideration. In the case at bar, counsel for the appellant filed the appeal bond 32 days before the last day of grace, and, considering the peculiar circumstances of this case, we do not believe that this was an unreasonable delay, or that counsel was guilty of any neglect.

Appellees cite also the case of Oertling v. Commonwealth Bonding & Casualty Co.,

134 La. 26, 63 So. 611, 614, to the following effect:

"It is clear from the foregoing that the right of the appellee to have the appeal dismissed, upon the failure of the appellant to comply with the prescribed conditions, is no less a right founded in the law than is that of the appellant to have the appeal maintained, upon so complying. It is equally clear, since the appellant is required, in order to obtain an extension of time within which to file his transcript, to prove, to the satisfaction of this court, that his inability to file it, within the delay fixed by the trial judge, is attributable to a cause not within his control, that this court must determine the question of fault vel non, and, in order to do so, must needs afford a hearing to both the parties interested in the decision."

Counsel for appellees quote in their brief the following extract from the case of Martel Apparatus Co. v. Lafayette Sugar Refining Co., Ltd., 158 La. 727, 104 So. 632, 633:·

"The foregoing cases are authority for rescinding an order of extension, where the application for the extension was not timely made, or, if timely made, where the affidavit showing the cause for the delay does not state the true cause, and the court is thereby misled into granting an extension for a cause which did not exist, or where the right to move for the rescission of the order is expressly reserved in the order itself."

Counsel also quote from Haas v. Cerami, 198 La. 735, 4 So.2d 812, 813, as follows:

"If an attorney misrepresents or conceals the facts in order to obtain an extension of time for the filing of a transcript of appeal, the appellee has the right, and should be given an opportunity, to show the true facts and have the order of extension rescinded."

■ We concede that the above are correct expressions of the law, but do not think that they are applicable to the facts and circumstances found by us to exist in this case.

However, it is to be noted that in the Haas case, cited supra, the motion to vacate the order granting an extension of time for filing the transcript and to dismiss the appeal was denied, the court stating that it clearly appeared that the delay in making up and filing the transcript of appeal in this court was due to a misapprehension and to a controversy between the parties and the clerk as to what should be included in the transcript. From all the facts and circumstances in the case now before us, we are led to believe that a similar situation existed here.

We therefore conclude that our order extending the time in which to file the transcript was not improvidently issued, and that the failure to file the transcript within the time fixed by the order of the court below was not due wholly to appellant's fault and neglect.

■ Counsel for appellees further contend that this appeal should be dismissed for the reason that the transcript contains the original of documents and exhibits "A" to "Q," both inclusive, offered in evidence

and attached to the pleadings herein, pursuant to express instruction and direction to the clerk of the district court by counsel for appellant, and that such documents and exhibits should have been copied in each of the copies of the transcript filed, in accordance with the Rules of this court and the law and jurisprudence. In support of this contention, they cite the following:

"After the appeal has been allowed, and the surety given, the clerk of the court * * * shall * * * make a transcript of all the proceedings, as well as of all documents filed in the suit * * *." Code of Practice, Article 585.

"The clerks of the district courts * * * shall make all transcripts of appeal to the Supreme Court in triplicate; * * * and the whole as thus made up shall be forwarded to the clerk of the Supreme Court of Louisiana, who shall file the triplicate copies and preserve the same for the use of the court." Act 80 of 1912 (Dart's Code of Practice, Article 585.1).

"That the appellant may, on taking his appeal, or within three current days thereafter, file with the Clerk of Court, a written list of the portions of the record to constitute the transcript of appeal.

"The appellee may within five days, after service of a copy of such notice, designate in the same manner such other portions as he deems necessary.

"The Clerk shall prepare the transcript as so directed, and when so prepared the appeal shall not be dismissed on the grounds of the transcript being defective, but the parties and the Court shall have the right to cause to be filed thereafter any omitted portion of the record as a supplemental transcript.

"In the absence of such direction by appellant, the transcript shall be prepared as the Law directs." Act 229 of 1910, as amended by Act 265 of 1918 (Dart's Code of Practice, Article 585.2).

"Transcripts in civil cases shall be made up and the matter of which they are to be composed transcribed in the following order: * * * (3) original and interlocutory pleadings, with documents and exhibits annexed * * *; (4) documents introduced (save those annexed to the pleadings and already transcribed) * * *; * * * (8) other records offered in evidence; * * *." Section 2, Rule I, Rules of the Supreme Court.

Lawrence v. Lawrence, 172 La. 587, 134 So. 753, 754.

Moreover, Section 1 of Rule I of the Rules of this court provides that "* * * Triplicate copies of the transcript must be filed in every instance; * * *."

In the case of Lawrence v. Lawrence, cited supra, decided on January 28, 1929, this court, after considering Article 585 of the Code of Practice and Act 229 of 1910, as amended, and after quoting Rule I, Section 2, of the Rules of this court as it was in force at that time, said:

"It appears, therefore, that under the codal article and rule of court, referred to and quoted supra, the testimony and documents filed on the trial of a civil case in the court below must be copied in the tran-

script. There is no authority in law for bringing them up in the original. Immanuel Presbyterian Church v. Riedy, 104 La. 314, 29 So. 149. * * *

"According to the provisions of Act No. 80 of 1912, it is mandatory that all transcripts of appeals to this court be made in triplicate for the use of the court. No extra charge is permitted for the preparation of the multiple copies. Under this statute each copy of the transcript of appeal must contain a transcript of all the testimony and documents filed in the court below."

In that case, the appellant caused certain original records to be attached to one of the copies of the transcript, in the belief that under Act 229 of 1910, as amended by Act 265 of 1918, he was completing the record for the appeal. The court stated that he was mistaken in this, but, in view of the fact that this was the first time this precise question had been presented for decision, it refused to dismiss the appeal and granted the alternative prayer of the motion filed by appellee and ordered appellant to cause to be prepared and filed in this court, within 30 days from the date on which this opinion was handed down, a supplemental transcript in triplicate, with the right reserved to appellee to renew the motion to dismiss the appeal in the event that appellant should refuse or neglect to comply with said order. This court stated, however, that:

"We wish to emphatically declare, however, that the present ruling is not to be regarded as a precedent to be followed in the future in similar cases."

However, since the opinion in the Lawrence case, the Legislature has enacted Act 234 of 1932, which reads as follows:

"That whenever an appellant files an incomplete transcript, or files the transcript or a further application for an extension within three judicial days after the return day, or omits to file as part of the record any transcript exhibits offered in evidence, or whenever because of any error on the part of the Clerk of Court or of the trial Judge, or for any purely technical reason, a motion to dismiss his appeal is filed either by an appellee, third person or intervenor, charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss; and such appellant may, before the date on which the motion to dismiss is fixed for trial, cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied."

Since Exhibits "A" to "Q," both inclusive, were brought up in their original form and not copied in the transcript in triplicate, it follows that we have only one copy of these exhibits and documents instead of three, and therefore the transcript is incomplete, within the meaning of the above quoted act.

In Union Building Corporation v. Burmeister, 186 La. 503, 172 So. 767, a similar state of facts existed. The motion to dismiss the appeal in that case was based on the ground that the transcript was not in triplicate, in conformity with the provisions of Act 80 of 1912, in that certain exhibits were attached in their original form to one of the copies of the transcript and no copies of said exhibits were attached to either of the other two copies. This court, in denying the motion to dismiss, held that such a situation was within the express terms of, and was governed by, Act 234 of 1932.

In Sanders et al v. Wyatt et al., 187 La. 80, 174 So. 161, 162, this court said:

"As it is not within the power of an appellate court, whenever an appellant files an incomplete transcript, to dismiss an appeal, 'unless it first allow the appellant at least two additional days' to cure and correct any and all of the informalities and irregularities complained of in the motion to dismiss, it necessarily follows that it is not within the discretion of the clerk of the Court of Appeal, First Circuit, to refuse to file an incomplete transcript when delivered to him before the return day by the clerk of the district court; and, under such circumstances, the transcript, though incomplete, must be considered by this court as timely filed. To hold otherwise would render nugatory the provisions of Act No. 234 of 1932."

Appellees contend also in brief that Exhibit "A" in the transcript is a record of a case in the District Court of the United States for the Eastern District of Missouri, and they cite Section 7 of Rule I of the Rules of this court, to the effect that, when the record of another suit is introduced in evidence, it shall appear in the transcript subsequent in order to the record and evidence in the principal suit and shall be provided with an index such as is required for the principal record. They contend that this rule has not been followed in the preparation and filing of this transcript, and urge that the appeal should consequently be dismissed.

This reason for dismissal of the appeal was not specifically mentioned or pointed out in appellees' motion to dismiss. They merely made the general statement, in addition to their two reasons for dismissal as above set out and discussed, that the transcript was not prepared and filed in this court in the manner provided by law and the Rules of this court, and under this general allegation they now urge in briefs this reason for a dismissal of this appeal.

We think that this ground for dismissal is not well founded, and that this error, if any, in the preparation of the transcript was an error of the clerk and may be corrected under the provisions of Act 234 of 1932, as herein above quoted.

For the reasons assigned, it is ordered that the motion to recall, rescind, and set aside the order of this court extending the time for filing the transcript be denied, and the motion to dismiss the appeal refused. It is further ordered that the plaintiff, appellant herein, be granted 60 days from the date on which this decision becomes final to have the transcript corrected according to the views herein expressed, and that

for this purpose the entire transcript and all documents be returned to the office of the clerk of the First Judicial District Court in and for the Parish of Caddo. The right is reserved to defendants-appellees to renew their motion to dismiss the appeal in the event that plaintiff-appellant should refuse or neglect to comply with the foregoing order; defendants-appellees to pay all costs of this proceeding.