This matter comes before us on motion of Albert Ruiz, defendant and appellee, to dismiss the appeal on the ground that there was undue and unnecessary delay in the filing of the transcript of appeal. Since the filing of the motion to dismiss, the transcript has been lodged here.
The record shows that the judgment appealed from was rendered and signed on May 21, 1943, and that the order granting the appeal was signed on June 18, 1943, and that in it July 19, 1943, was fixed as the return day. The record shows, too, that on July 19, 1943, there was presented to this court a motion for an extension of time for the filing of the transcript and that attached to this motion was an affidavit of the clerk of the 25th Judicial District Court for the Parish of St. Bernard, in which the said clerk stated that the transcript had not been completed for the reason that the stenographic record of the evidence had not been filed by the stenographer. On that motion we granted an extension of thirty days for the filing of the transcript.
That procedure was repeated twenty times so that on September 21, 1945, when this motion to dismiss the appeal was filed, the transcript had not yet been filed. In the motion to dismiss mover makes the following statement:
"* * * The several affidavits upon which the order of your Honorable Court were based * * * did not show the true cause for the delay in filing said transcript inasmuch as all testimony in the said cause was transcribed and filed in the said court before judgment was rendered therein * * *."
Attached to the motion to dismiss the appeal is an affidavit of counsel for the mover *Page 696 
and in this affidavit counsel makes the following statement:
"That he is one of the attorneys for the defendant and appellee in the case entitled "Philip Alfonso, plaintiff and appellant v. Albert Ruiz, defendant and appellee, No. ___ of the Docket of the Court of Appeal for the Parish of Orleans; that he was likewise attorney for the defendant in said cause in the trial in the District Court of St. Bernard Parish, the said trial having been held in the early part of March 1943 and April 2, 1943; that Mr. Joseph A. Casse reported the testimony of the witnesses, Peter Alfonso, Philip Alfonso, Victor A. Hawkins, Albert Hebert, Mathis Pasqual, Jr. and Corrwin A. Robert in March 1943 and that Mr. Ferdinand E. Zimmer reported the testimony of Mr. Albert Ruiz on an adjoined hearing of the said cause on April 2, 1943, at which time the said cause was submitted; that on May 12, 1943, deponent on behalf of said defendant and appellee paid the stenographer fees and that to deponent's personal knowledge a copy of the said testimony was filed in the office of the Clerk of Court of the Parish of St. Bernard prior to the motion of appeal filed therein."
Appellant opposed the motion to dismiss the appeal and filed answer, and his attorney made affidavit and attached it to the answer and in this affidavit swore to the correctness of the statements made in the answer. In that answer appears the following:
"That ever since the appeal was taken Plaintiff and Appellant, and his Attorneys, have seen trying unsuccessfully to have Mr. Anthony Nunez, Clerk of the 25th Judicial District Court in and for the Parish of St. Bernard, to prepare and complete the transcript in these proceedings; that Mr. P.M. Flanagan, of Counsel for Plaintiff and Appellant, has made numerous trips to Chalmette in an effort to have the transcript prepared; that shortly after the appeal was taken, Mr. Flanagan spent the greater part of one day going through the record and advising the Clerk just what parts of the record were to be included in the transcript; that on January 14, 1944, Counsel addressed Mr. Nunez a letter requesting that he have the transcript prepared, a copy of which letter was mailed to Messrs. Brian Brian, Attorneys for the Defendant and Appellee; that since that time, repeated verbal requests have been made to have the transcript completed;
"That it has been a source of great annoyance to the Attorneys for Plaintiff and Appellant to secure the affidavits whenever the extended time for the return date was about to expire; that it was necessary on numerous occasions to make trips to St. Bernard Parish to secure the affidavits, and each time an extension was granted, Mr. Anthony Nunez would faithfully promise that he would get the transcript completed;
"That the Attorneys for Plaintiff and Appellant were informed by Mr. Anthony Nunez, Clerk, on September 26, 1945, that the transcript would be ready for filing on or before the extended return date, which expires on October 7, 1945;
"That in view of the foregoing, it was not the fault of the plaintiff and appellant in not filing the transcript and he should not be penalized for the failure of the Clerk of Court to perform his duty; and consequently, it would work a grave injustice upon Appellant if this appeal should be dismissed without an opportunity of the court to decide the questions presented by said appeal."
On October 6, 1945, while the motion to dismiss the appeal was pending in this court, appellant obtained from the clerk of the District Court the transcript of appeal and filed it in this court.
Counsel for appellee, however, insists that we should dismiss the appeal. He maintains that Succession of Edenborn,208 La. 25, 22 So.2d 673, is authority for his position here.
It is true that in that case the Supreme Court approved the method of procedure which was followed here; that is, that an appellee, in an effort to dismiss the appeal, where there has been undue delay because of fault on the part of appellant may, by affidavit, show the facts on which the motion to dismiss the appeal is based.
But all that the Supreme Court held in that case was that the appellate court may itself look into the question of whether unusual delay in the filing of a transcript has been wholly or partially chargeable to the appellant and that, in looking into that question, the court may consider affidavits filed by either appellant or appellee. In none of the cases cited in that case was it held that an appeal should be dismissed where no fault is chargeable to the appellant or his counsel.
When we consider the facts shown by the affidavits which have been filed with us in *Page 697 
connection with the rule to dismiss the appeal, we can reach only one conclusion, and that is that appellant and his counsel have done all that could be expected of them to obtain the transcript and to file it in this court. We cannot be persuaded that any part of the delay of which counsel for appellee complains has been caused by neglect of appellant or his attorney.
Furthermore, the transcript is now before us and we think it clear that the ends of justice will best be served by overruling the motion to dismiss the appeal so that the matter may come before us on its merits.
The motion to dismiss the appeal is overruled.